**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                         :        Chapter 11
                                                              :
HYPNOTIC TAXI LLC, et al.,[1]                                 :        Case No. 15-43300 (CEC)
                                                              :
                          Debtors.                            :        (Jointly Administered)
----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING THE DEBTORS TO OBTAIN SUBORDINATED POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364, AND GRANTING RELATED RELIEF

Upon the motion (the "Motion") of  Hypnotic Taxi LLC, et al., debtors and debtors in possession (the "Debtors" or "Borrowers"),  in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), seeking entry of a final order (the "Final DIP Order") pursuant to sections 105, 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which seeks, among other things[2]:

(a) authorization for Debtor to obtain unsecured postpetition financing in an aggregate principal amount of up to $350,000 (the "Postpetition Financing"), pursuant to section 364(b) of the Bankruptcy Code, from Philadelphia Taxi Management LLC. ( the "Lender"), pursuant to the terms of a Final DIP Order and that certain Debtor in Possession Credit Agreement by and between the

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 15-43321).

Borrowers, and the Lender, in substantially the form attached to the Motion as <u>Exhibit A</u> (as the same may be amended, restated, supplemented or otherwise modified from time to time,  the "<u>Credit Agreement</u>", and together with,  the Notes and any other related documents required to be delivered by or in connection with the Credit Agreement, collectively, the "<u>Loan Documents</u>");

(b) authorization for Borrower to execute and enter into the Loan Documents and to perform such other and further acts as may be required in connection with the Loan Documents;

(c)  the modification of the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to permit the Borrower and the Lender to implement the terms of a Final DIP Order and Credit Agreement.

A hearing on the Motion was held by this Court on September 3, 2015 (the "<u>Interim Hearing</u>").  The Court has considered the Motion, all pleadings related thereto including all objections to the Motion, as well as the evidence submitted and the oral arguments of record made by Debtors and other parties at the Interim Hearing, and after due deliberation and consideration, and good and sufficient cause appearing:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

**I.        Background, Jurisdiction and Notice.**

A.        On July 22, 2015 (the "<u>Petition Date</u>"), Debtors commenced their bankruptcy cases by filing a voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Debtors are continuing to operate their businesses and manage their  properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in this Chapter 11 Case.

---

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Credit Agreement and capitalized terms used but not immediately defined in this Order shall have the meanings ascribed to them later or elsewhere in this Order.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408.

C.      The Debtors have complied with Bankruptcy Rule 4001(c) and (d)  to hold the Final Hearing  by serving the Motion and providing notice of the Motion and this Final Hearing to: (i) the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee"); (ii) the Debtor' twenty (20) largest unsecured creditors, as applicable; (iii) the Lender; (iv) the Prepetition Lender; (iv) any other party(ies) with liens of record on assets or property of Debtors' estates as of the Petition Date, if any; and (v) all other parties requesting notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief sought in the Motion, the Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with Bankruptcy Rule 4001 in all respects.

## II.     Findings Regarding the Postpetition Financing.

D.      The Debtors have a critical need to obtain the Postpetition Financing.   Debtors' ability to obtain the Postpetition Financing is critical to the Debtors' ability to continue as a going concern during  the  course  of  the  Chapter  11  Cases  and  perform  their  duties  as  a  debtors  in possession.  The proceeds of the Postpetition Financing will be used to fund Administrative Claims for ordinary course of business expenses incurred in operating the Debtors' businesses, including compensation  of  the  Chief  Restructuring  Officer,  payment  of  fees  and  costs  of  professionals employed by Debtors and any official committee  pursuant to Bankruptcy Court Order in accordance with Bankruptcy Code sections 327 and 1103, respectively, allowed  pursuant to Bankruptcy Code sections 328, 329, 330 or 331.  The Debtors' access to sufficient liquidity through the incurrence of the Postpetition Financing under the terms of this Interim DIP Order are vital to the preservation and

3

maintenance of the going concern value the of Debtors' estate and to the their successful reorganization. Consequently, without access to the Postpetition Financing, to the extent authorized pursuant to this Interim DIP Order, the Debtors and their estates would be unable to employ competent management and bankruptcy professionals and therefore suffer immediate and irreparable harm.

E.    Debtors are unable to obtain adequate unsecured credit allowable under sections 364(b) and 503(b)(1) of the Bankruptcy Code on the favorable terms in the Loan Documents from sources other than Lender. As stated in the Loan Documents, the proposed borrowing carries no fees, no interest and no expense reimbursements, and is subordinated in repayment to any and all other claims asserted against the Debtors. The only sufficient source of such credit available at this time to the Debtors is the Postpetition Financing. Debtors require the Postpetiton Financing, to satisfy its post-Petition Date liquidity needs.

F.    The Lender has indicated a willingness to provide the Borrower with unsecured, interest free financing, but solely on the terms and conditions set forth in this Interim DIP Order and in the Loan Documents. After considering all of their alternatives, the Debtors have concluded, in an exercise of their sound business judgment, that the financing to be provided by the Lender pursuant to the terms of this Interim DIP Order and the Loan Documents represent the best financing presently available to Borrower.

G.    The Lender does not hold any pre-Petition Date claims against Debtor.

H.    Good cause has been shown for immediate entry of this Interim DIP Order pursuant to Bankruptcy Rules 4001(c)(2), as the Court finds that entry of this Interim DIP Order is necessary to avoid irreparable harm to Debtors and their estates. Entry of this Interim DIP Order is in the best interest of the Debtors, their estates and creditors. The terms of the Loan Documents are fair and

reasonable under the circumstances, reflect Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

J.       The terms and conditions of the Loan Documents and this Interim DIP Order are fair to the Debtors and any credit extended and loans made to the Debtors pursuant to this Interim DIP Order shall be, and hereby are, deemed to have been extended, issued or made, as the case may be, in "good faith" within the meaning of section 364(e) of the Bankruptcy Code.

K.       Based on the foregoing, and upon the record made before this Court at the Final Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is approved on an interim basis on the terms and conditions set forth in this order (the "Interim DIP Order") and the Loan Documents. This Interim DIP Order shall become effective immediately upon its entry. To the extent the terms of the Loan Documents differ in any material respect from the terms of this Interim DIP Order, this Interim DIP Order shall control. The failure to specifically make reference to any particular provision of the Credit Agreement (or other Loan Documents) in this Interim DIP Order shall not impair or diminish the effectiveness of such provision. The Court intends by this Interim DIP Order to approve, authorize the Debtors to perform, and provide the Lender with the rights and benefits, in accordance with the Credit Agreement (and other Loan Documents) and all of their respective terms and provisions, subject to maximum borrowings on an interim basis for approved expenditures of not more than $100,000 (the "Interim Maximum Borrowings"). All references in the Credit Agreement (and other Loan Documents) that require the issuance of a Final Order prior to making advances are hereby modified by agreement amongst the parties to allow advances upon entry of this Interim DIP Order not to

exceed the Interim Maximum Borrowings, and, except as specifically and expressly modified herein, all terms and conditions of the Credit Agreement (and other Loan Documents) approved hereby shall and do hereby remain in full force and effect.

2.      A final hearing (the "<u>Final Hearing</u>") on the Motion is scheduled to be heard on the October 21, 2015, at 3:00 p.m. (EST) before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, in Courtroom 3529 at the U.S. Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800.  The deadline for parties to file objections to the relief sought in the Motion on a final basis shall be October 14, 2015.

3.      In the event that the Motion is not granted on a final basis at the Final Hearing, or any adjournment thereof, this Order and the relief granted hereby shall be effective through and including the date of the Final Hearing or any adjournment thereof subject to the Interim Maximum Borrowings.

**I.      Authorization of the Postpetition Financing and Entry Into the Loan Documents.**

4.      The terms and conditions of the Credit Agreement are hereby approved on an interim basis.  The Borrowers are hereby authorized to enter into the Loan Documents, including the Credit Agreement and such additional documents, instruments, and agreements as may be reasonably required by the Lender to implement the terms or effectuate the purposes of this Interim DIP Order. Upon entry of this Interim DIP Order, the Borrowers are hereby authorized to borrow up to an aggregate amount of the Interim Maximum Borrowings, in accordance with this Interim DIP Order, the Credit Agreement, and the other Loan Documents.   Borrowers are hereby authorized to incur the Obligations solely in accordance with the terms and conditions set forth in the Credit Agreement and this Interim DIP Order.

## II.    Loan Obligations.

5.    Upon execution and delivery of the Loan Documents, the Loan Documents shall constitute valid, binding and continuing obligations of the Borrowers, enforceable against the Borrowers thereto in accordance with the terms thereof.   No obligation or payment under the Loan Documents or this Interim DIP Order shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim.

6.    The loans made to or for the benefit of Borrowers on or after the Petition Date under the Loan Documents (the "Loans"), and any other liabilities owing by the Borrowers to the Lender under the Loan Documents and this Interim DIP Order shall hereinafter be referred to as the "Obligations."   The Loans: (i) shall not bear interest; (ii) shall be payable in accordance with the terms of the Loan Documents; (iii) shall be unsecured, and per Bankruptcy Code section 364(b), be allowable under Bankruptcy Code section 503(b)(1) and an administrative expense; (iv) shall be subordinate in repayment to the allowed claims of any other parties asserting claims against the Debtors; and (v) shall otherwise be governed by the terms set forth herein and in the Loan Documents.

## III.    Use of Loan Proceeds.

7.    The Borrowers may use the Loans solely to pay Administrative Claims for ordinary course of business expenses incurred in operating the Debtors' businesses, including compensation of the Chief Restructuring Officer, payment of fees and costs of professionals employed by Debtors and any official committee pursuant to Bankruptcy Court Order in accordance with Bankruptcy Code sections 327 and 1103, respectively, which are allowed  pursuant to Bankruptcy Code sections

328, 329, 330 or 331, and pursuant to the terms and conditions set forth in this Interim DIP Order and in the Loan Documents.

**IV.    11 U.S.C. § 364(e) Protections.**

8.    If any or all of the provisions of this Interim DIP Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect (i) the validity of any Obligations incurred pursuant this Interim DIP Order or the Loan Documents, or (ii) the validity or enforceability of any claim, lien, security interest or priority authorized or created hereby or pursuant to the Loan Documents with respect to any Obligations. Notwithstanding any such reversal, modification, vacation or stay, any incurrence of Obligations by Borrower shall be governed in all respects by the provisions of this Interim DIP Order and the Loan Documents, and the Lender shall be entitled to all of the rights, remedies, protections and benefits granted under section 364(e) of the Bankruptcy Code, this Interim DIP Order, and the Loan Documents with respect to all incurrence of the Obligations by Borrower.

**V.    Vacation of the Automatic Stay.**

9.    Notwithstanding section 362 of the Bankruptcy Code, the automatic stay is hereby vacated and modified to the extent necessary to permit the Lender to exercise, upon the occurrence and during the continuation of any Event of Default, or on and after the Commitment Termination Date, upon three (3) Business Days written notice to Borrower's counsel, the U.S. Trustee, counsel for any creditors' committee, all rights and remedies provided for in this Interim DIP Order, the Loan Documents or applicable law, including, without limitation, taking one or more of the following actions, at the same or different times:

(a) terminate forthwith the Revolving Loan Commitments;

(b) declare the Revolving Loans or any portion thereof then outstanding to be due and payable, whereupon the principal of such Loans and all other liabilities of the Borrowers under the Loan Documents, shall become due and payable as an Administrative Claim, without presentment, demand, protest or any other notice of any kind, all of which are hereby expressly waived by the Borrowers, anything contained herein or in any other Loan Document to the contrary notwithstanding;

(c) take any action to receive payment of its aforesaid Administrative Claim for the Obligations in accordance with applicable provisions of the Bankruptcy Code or as ordered by the Court and subject to the subordination; and

(d)  The rights and remedies of the Lender specified in this Interim DIP Order are cumulative and not exclusive of any rights or remedies that the Lender may have under the Loan Documents, applicable law or otherwise.

## VI.      Miscellaneous Provisions.

10.      The provisions of this Interim DIP Order shall be binding upon and inure to the benefit of the Lender, Borrowers, and their respective successors and assigns.  The provisions of this Interim DIP Order and any actions taken pursuant thereto (a) shall survive the entry of any order: (i) confirming any plan of reorganization in the Chapter 11 Cases; (ii) converting any, some or all of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; or (iii) dismissing any, some or all of the Chapter 11 Cases; and (b) shall continue in full force and effect notwithstanding the entry of any such order, and the claims pursuant to this Interim DIP Order shall maintain their validity and priority as provided by this Interim DIP Order until all of the Obligations are indefeasibly paid in full and discharged in accordance with the terms of this Interim DIP Order,  the Credit Agreement and other Loan Documents.

11.    Borrowers are hereby authorized, without further order of this Court, to enter into the Credit Agreement, Revolving Notes and other Loan Documents with the Lender providing for (a) non-material modifications to the Credit Agreement and other Loan Documents or (b) any other modifications to the Credit Agreement and other Loan Documents necessary to conform the Credit Agreement and other Loan Documents to this Interim DIP Order.

**VII.    Continuing Effect of the Cash Collateral Order.**

12.    This Order shall not alter or amend the terms of any existing or hereafter entered order(s) approving and authorizing the use of cash collateral of the Prepetition Lender.

**VIII.    Order Effective**.

To the extent applicable, this Interim DIP Order is not subject to the 14-day stay provision of Bankruptcy Rule 4001(a)(3).  This Interim DIP Order shall be effective as of the date of the signature by the Court.



**Dated: Brooklyn, New York**
**September 18, 2015**

                      **Carla E. Craig**
          **United States Bankruptcy Judge**