UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| HYPNOTIC TAXI LLC, et al.,[1] | Case No.:   15-43300 (CEC) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND ORDER CONCERNING
## CONTINUED USE OF CASH COLLATERAL

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned Debtors, Management Companies and Citibank, N.A. ("Citibank") as follows:

WHEREAS, the Debtors are either limited liability companies or corporations that each own either two or three Medallions issued by the New York City Taxi and Limousine Commission ("TLC") and related vehicles (the "Vehicles"). The Debtors' primary assets are the forty-six (46) Medallions and the associated Vehicles, as well as loan receivables due the Debtors by certain insiders and affiliates;

WHEREAS, Evgeny (Gene) Freidman ("Freidman") is the managing member of the limited liability company and/or or the president and sole shareholder of the corporate Debtors;

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 1543321)

WHEREAS, the Debtors assert that each of them is in the business of owning and leasing the Medallions to the four undersigned non-debtor Management Companies;

WHEREAS, the Debtors further assert that, prior to the Petition Date, the Management Companies' monthly base lease obligation to each of the Debtors (the "Lease Payment") is equal to the monthly debt service on the loans to each of the Debtors by Citibank, plus any other operating costs and expenses of the Debtors; the Lease Payment was historically paid directly by the Management Companies, on behalf of the Debtors, from the gross revenues received from the operation of the Vehicles, and that, under this lease arrangement, the Management Companies also paid the expenses associated with the operation of the Vehicles authorized by each Medallion, including, without limitation, insurance coverage, vehicle maintenance and repairs;

WHEREAS, the Debtors further contend that: prior to the Petition Date, the Debtors did not, and had no need to, maintain their own bank accounts; the Debtors had no cash receipts; the Management Companies made all of the disbursements on behalf of each of the Debtors; and the Management Companies also managed the cash receipts and disbursements of non-Debtor companies, which own and lease taxi medallions unrelated to these cases;

WHEREAS, Citibank asserts that is the holder of duly perfected first liens against each of the Medallions and the proceeds generated thereby;

WHEREAS, Citibank, pursuant to its application in support of order directing turnover and Bankruptcy Rule 2004 examinations (the "<u>Citibank Motion</u>") contends that Net Medallion Proceeds of the Medallions (i.e., all gross revenues received by the operation of the vehicles, less amounts owed to the drivers for generating such revenues) constitute property of the Debtors and Citibank's cash collateral; and

WHEREAS, the Debtors and the Management Companies contend that only the Lease Payment constitutes property of the Debtor, and, arguably and without admission, Citibank's cash collateral and that the Net Medallion Proceeds are not property of the Debtors and even if they were, they are not proceeds of the Medallions and, accordingly, can not be cash collateral of Citibank , as more particularly set forth and to be further set forth in its opposition to the Citibank Motion;

WHEREAS, there is presently pending contested litigation between the Debtors and Citibank captioned Citibank, N.A. v. Bombshell Taxi LLC, et al., Index No. 650691/2015 (N.Y. Supp. Ct.), which was removed (see U.S.D.C. E.D.N.Y. Case No. 15-cv-5067 (PKC) (RER) ) and is in the process of being transferred to this Court (the "Pending Litigation");

WHEREAS, the Parties previously entered into a stipulation, dated September 3, 2015, wherein the Debtors agreed to, *inter alia*, make certain payment to Citibank in the amount of the Lease Payments (the "Initial Stipulation"); and

WHEREAS, the Parties now wish to resolve the Citigank Motion with a full reservation of rights on each of the foregoing positions of the Parties as set forth above;

**NOW THEREFORE IT IS HEREBY STIPULATED AND ORDERED:**

1. This Order shall continue until modified or terminated by further Order of this Court.

2. As required under the Initial Stipulation, on or before the fifth (5th) day of each calendar month thereafter, commencing October 5, 2015, the Management Companies shall remit to Citibank the sum of $159,802, which is the amount that the Management Companies contend to be their monthly Lease Payment due to the Debtors. All other amounts required to be

paid under the Initial Stipulation that have not been paid as of the date hereof shall be paid in accordance with the terms of the Initial Stipulation.

3. The Debtors acknowledge that (a) their only revenue consists of the monthly Lease Payments they receive from the Management Companies when the Management Companies remit those payments to Citibank on behalf of the Debtors; (b) said Lease Payments constitute Citibank's cash collateral, and (c) at this time the Debtors do not require any other use of that cash collateral to operate.

4. Nothing herein shall be deemed an admission, finding or ruling (i) on whether or not Citibank's interest in its collateral is adequately protected, including, without limitation, whether or not Citibank is entitled to any "adequate protection" payments and/or is already adequately protected by the value of the Medallions, (ii) that, if Citibank is entitled to adequate protection payments, the foregoing payments suffice to adequately protect Citibank's interest in its collateral, or are in excess of the amount required to adequately protect Citibank's interest in its collateral.

5. For purposes of this Order at this time, as adequate protection in accordance with Sections 361 and 363 of the Bankruptcy Code for the Debtors' (or Management Companies') use of the Medallions , the Debtors hereby grant to Citibank a first priority replacement lien on and security interests in and to all proceeds thereof which are or have been acquired, generated or received by the Debtors subsequent to the Petition Date, and all post-petition property in which the pre-petition lien attached, which liens shall be valid, perfected, unavoidable and enforceable post-petition to the extent that the pre-petition liens are valid, perfected, unavoidable and enforceable, with the Debtors, the Management Companies and the Committee reserving all rights to challenge

the validity, perfection, unavoidability and enforceability of such pre-petition liens, and accordingly, the post petition replacement lien granted herein. The liens and security interests granted herein are hereby deemed perfected without the necessity for filing or executing documents which might otherwise be required under non-bankruptcy law for perfection of said security interests. Notwithstanding the foreoing, the replacement liens granted to Citibank hereunder shall not attach to any claims pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code or the proceeds thereof (the "Avoidance Actions").

6.      The liens and security interests of Citibank shall be subject to a limited carve-out ("Carve-Out") with respect to any outstanding quarterly fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) ("UST Fees"), but shall not be subordinate to or subject to a carve-out for the payment of any other administrative or other expenses of the Debtors' estates. As an inducement to Citibank to provide the Carve-Out: (i) the Debtors shall draw $25,000 (the "Escrow Fund") from the debtor in possession borrowing facility (the "DIP Loan") with Philadelphia Taxi Management, LLC, once such DIP Loan is approved by the Court, and deposit it in the attorney escrow account of Klestadt Winters Jureller Southard & Stevens, LLP (the "Escrow Agent"); and (ii) the Management Companies will agree to be responsible to pay any outstanding UST Fees in the event that the Debtor does not and the Escrow Fund is insufficient to pay same. The Escrow Fund shall be held exclusively for the purpose of paying the: (i) the allowed professional fees and expenses of any chapter 7 trustee in the event that the Debtors' cases are converted to cases under Chapter 7 of the Bankruptcy Code and, accordingly, one is appointed in such cases, in an amount not to exceed $10,000, and (ii) paying any outstanding UST Fees, in the event the Debtors fail to pay such quarterly fees as

required.  The Escrow Agent may not disburse this amount for any purpose inconsistent with this Order without a further order of the Court.

        7.      The terms and provisions of this Order shall (i) not be construed to prohibit Citibank, from seeking any relief available to it under its loan documents, under the Bankruptcy Code, or under any other applicable law, (ii) not be deemed to be an express or implied agreement to refrain from or delay exercise of Citibank's rights to seek dismissal, lift stay or other relief during the term of this Order or otherwise, and (iii) be with a full reservation of Citibank's right to contend that all of the Net Medallion Proceeds constitute property of the Debtors and Citibank's cash collateral.

        8.      The terms and provisions of this Order shall (i) not be construed to prohibit Debtors, Management Companies and/or Committee, from opposing the Citibank Motion or any Citibank actions seeking any relief available to it under the Bankruptcy Code, or under any other applicable law, or to challenge Citibank's claims and the extent, validity, perfection unavoidability and/or enforceability of Citibank's liens, (ii) not have any impact or effect on the Pending Litigation, and, without limiting the generality of the foregoing,  shall not be construed as any form of admission as to any issue or fact in the Pending Litigation, (iii) not be deemed to be an express or implied agreement by the Debtors, Management Companies and/or Committee to refrain from or delay exercise of any rights or causes of action that may be asserted against Citibank  and oppose any actions by Citibank to seek dismissal, lift stay or other relief during the term of this Order or otherwise, (iv) be with a full reservation of the rights of the Debtors and  Management Companies to contend that the Net Medallion Proceeds do not constitute property of the Debtors, proceeds of the Medallions and/or Citibank's cash collateral, and (v) be with a full reservation of the rights of

the Committee to contend that the Net Medallion Proceeds and/or the Lease Payments do not constitute Citibank's cash collateral.

9.  The Citibank Motion is hereby withdrawn without prejudice to Citiank renewing such motion or any of the arguments or assertions made therein at anytime.

10.  The Debtor intends to file contemporaneously herewith a motion for authority to continue the business relationship with the Management Companies. Citibank shall not oppose that motion provided it does not seek any relief inconsistent with the terms of this Order. Citibank's lack of opposition to that motion shall not be construed as an admission to any of the allegations presented in support of the motion.

11.  The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Order.

Dated:  October 19, 2015

HYPNOTIC TAXI LLC, ET AL.

BY:_____
    FRED STEVENS
    BRENDAN M. SCOTT
    KLESTADT WINTERS JURELLER
     SOUTHARD & STEVENS LLP
    570 Seventh Avenue, 17 Fl.
    New York, NY 10018

DOWNTOWN TAXI MANAGEMENT, LLC
WOODSIDE MANAGEMENT, INC.
TUNNEL TAXI MANAGEMENT, LLC
28TH STREET MANAGEMENT INC.


BY:_____
    BRETT A. BERMAN
    HAL L. BAUME
    FOX ROTHSCHILD LLC
    100 Park Avenue
    New York, NY 10017
    Tel. 609-895-3302


CITIBANK, N.A.


BY:_____
    NATHAN SCHWED
    JANTRA VAN ROY
    ROBERT GUTTMAN
    ZEICHNER ELLMAN & KRAUSE LLP
    1211 Avenue of the Americas
    New York, New York 10036
    Phone: (212) 223-0400


**"SO ORDERED"**