WHITE AND WILLIAMS LLP
Robert Ansehl, Esq.
Sedgwick M. Jeanite, Esq.
250 W. 34th Street, Suite 4110
New York, NY 10119
Telephone: (212) 244-9500
ansehlr@whiteandwilliams.com
jeanites@whiteandwilliams.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) CHAPTER 11 |
| | ) |
| **HYPNOTIC TAXI LLC,** *et al.*, | ) Case No. 15-43300 (CEC) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(A) AND 345 OF THE BANKRUPTCY CODE AUTHORIZING USE OF THE JOINT DEBTORS' CASH MANAGEMENT SYSTEM AND (II) DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) AUTHORIZING AND APPROVING DEBTORS' CONTINUED BUSINESS RELATIONSHIP WITH MANAGEMENT COMPANIES**

The Official Committee of Unsecured Creditors (the **"Committee"**) of the above-captioned debtors and debtors-in-possession (collectively, the **"Debtors"**), by and through its

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are: (i) Hypnotic Taxi LLC (6632) (Case No. 15-43300); (ii) Bombshell Taxi LLC (1282) (Case No. 15-43301); (iii) Bourbon Taxi LLC (7155) (Case No. 15-43302); (iv) Butterfly Taxi LLC (6992) (Case No. 15-43303); (v) Candy Apple Taxi LLC (0249) (Case No. 15-43304); (vi) Chianti Taxi, LLC (6799) (Case No. 15-43305); (vii) Chopard Taxi Inc. (0746) (Case No. 15-43306); (viii) Cupcake Taxi LLC (0324) (Case No. 15-43307); (ix) Dorit Transit Inc. (9129) (Case No. 15-43308); (x) France Taxi LLC, (9592) (Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039) (Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877) (Case No. 15-43311); (xiii) Marseille Taxi LLC (9890) (Case No. 15-43312); (xiv) Merlot Taxi LLC (7103) (Case No. 15-43313); (xv) Milkyway Cab Corp. (5061) (Case No. 15-43314); (xvi) Palermo Taxi, Inc. (5956) (Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725) (Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323) (Case No. 15-43317); (xix) Pudding Taxi Inc. (0432) (Case No. 15-43318); (xx) Stoli Taxi Inc. (4079) (Case No. 15-43319); (xxi) Vodka Taxi LLC (4239) (Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909) (Case No. 15-43321).

undersigned proposed counsel, responds as follows to: (i) Debtors' Motion for an Order Pursuant to Sections 105(a) and 345 of the Bankruptcy Code Authorizing Use of the Joint Debtors' Cash Management System [Docket No. 17] (the **"Cash Management Motion"**) and (ii) Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing and Approving Debtors' Continued Business Relationship with Management Companies [Docket No. 67] (the **"Relationship Continuation Motion"** and, collectively with the Cash Management Motion, the **"Motions"**).[2]

## BACKGROUND

1. On July 22, 2015 (the **"Petition Date"**), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases.

2. On September 24, 2015, the United States Trustee for the Eastern District of New York (the **"U.S. Trustee"**) filed an Amended Notice of Appointment of Official Committee of Unsecured Creditors [Docket No. 64] appointing Hereford Insurance Company, American Transit Insurance Company, and Jeremy Joseph to the Committee pursuant to 11 U.S.C. § 1102(a). The Committee members met on October 7, 2015 and unanimously voted to retain White and Williams LLP as Committee counsel, subject to court approval. A formal retention application will be filed shortly.

3. The Cash Management Motion was filed on July 31, 2015 and was approved on an interim basis on September 18, 2015. *See* Docket No. 61. According to the Cash

---

[2] The Debtors granted the Committee an extension through October 19, 2015 to respond to the Motions. Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motions.

Management Motion, because there are 22 Debtors, it would be administratively burdensome to establish 22 separate DIP accounts. *See* Cash Management Motion ¶ 8. Accordingly, Debtors seek authority to comingle funds in a consolidated Cash Management System.

4. On September 25, 2015, the Debtors filed the Relationship Continuation Motion, supported by the Declaration of Joshua Rizack, Debtors' Chief Restructuring Officer, (I) in Support of Debtors' Motion to Continue its Business Relationship with Affiliated Management Companies; and (II) Providing Additional Information Regarding Debtors' (A) Relationship with Affiliated Management Companies; and (B) Insurance and Bonding Programs (the **"Rizack Declaration"**). *See* Docket No. 67. The Relationship Continuation Motion seeks to continue the Debtors' pre-petition relationship with 28th Street Management, Inc., Downtown Taxi Management, LLC, Woodside Management, Inc. and Tunnel Taxi Management, LLC (collectively, the **"Management Companies"**). Each of the Management Companies is wholly or partly owned by Evgeny Freidman, who also owns the Debtors.

5. On October 12, 2015, Josette Marie Tenas-Reynard, a personal injury claimant and one of the Committee's constituents, filed an objection to the Relationship Continuation Motion. *See* Docket No. 74. Ms. Tenas-Reynard's objection raised a number of concerns about the Relationship Continuation Motion, including namely (i) that the daily rates applied in the Rizack Declaration were too low, such that the Rizack Declaration incorrectly concluded that the Debtors benefitted from their relationship with the Management Companies; and (ii) that the self-insurance program maintained by the Debtors does not conform with applicable statutory requirements.

6. On October 15, 2015, the U.S. Trustee objected to the Relationship Continuation Motion on various grounds, including a lack of disclosure of the terms of the Debtors' business

-3-

relationship with the Management Companies. *See* Docket No. 75. The U.S. Trustee questioned certain calculations in the Rizack Declaration and contended that, because no written lease agreements exist with respect to the medallions and taxis leased by the Debtors to the Management Companies, the details of the parties' respective rights, obligations and remedies are unclear. The U.S. Trustee also suggested that the Debtors' relationship with the Management Companies would effectively leave the Debtors without fiduciaries, and that the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) is the only permissible mechanism for replacing Debtors' pre-existing management with an independent fiduciary. The U.S. Trustee also objected to the Cash Management Motion, incorporating by reference the same transparency and other concerns raised in relation to the Relationship Continuation Motion.

## RESPONSE

7. The issues raised in the objections filed by Ms. Tenas-Reynard and the U.S. Trustee are of serious concern to the Committee. Proposed counsel to the Committee contacted Debtors' counsel to discuss the Motions in general, as well as the concerns raised by the Ms. Tenas-Reynard and the U.S. Trustee. Debtors' counsel also made Mr. Rizack available to provide the Committee with additional information concerning the investigation he conducted before preparing the Rizack Declaration and the conclusions reached therein. Committee counsel was advised that the Debtors will make a supplemental submission in support of the Motions, which will provide additional support for Mr. Rizack's conclusion that the relationship with the Management Companies benefits the Debtors.

8. The maintenance of appropriate insurance is crucial to protecting the interests of Debtors' general unsecured creditors and other interest parties. Debtors' counsel has concluded that Ms. Tenas-Reynard's allegations concerning Debtors' self-insurance lack merit. In an

abundance of caution, however, the Committee intends to conduct its own investigation of the applicable insurance regulations and will take appropriate action if the Debtors' insurance programs are determined to be inadequate or non-compliant.

9. Reducing the oral leases between the Debtors and the Management Companies to writing is also important so that all parties in interest can understand and evaluate the propriety of the proposed business relationship. Debtors have agreed to reduce the leases to writing, and will presumably seek Bankruptcy Court approval to enter into the leases. As of the time of this filing, the Debtors have provided Committee counsel with a draft license/management agreement between the Debtors and the Management Companies. The Committee is currently reviewing that draft document and intends to evaluate it to ensure that it is fair to the general unsecured creditors of the Debtors and not inconsistent with prevailing practices in the taxicab industry.

10. Although further investigation of the relationship between the Debtors and the Management Companies is appropriate, the proposed form of order that accompanies the Relationship Continuation Motion provides for a full reservation of rights for the Committee, the Debtors' creditors and other interested parties and allows them to seek to terminate the relationship for cause at any time. The Committee provided comments slightly expanding the reservation of rights language originally proposed, which the Debtors have agreed to incorporate in the final proposed order granting the Relationship Continuation Motion. With these modifications, the Committee does not at this time oppose the entry of an order granting the Relationship Continuation Motion, which will simply preserve the status quo until a thorough investigation of the relationship between the Debtors and the Management Companies can be conducted.

11. The Committee believes that the detailed factual findings included in the proposed order granting the Cash Management Motion are premature. However, insofar as the Cash Management Motion has previously been granted on an interim basis, the Committee does not oppose the continuation of the Cash Management System on an interim basis.

**WHEREFORE,** the Committee does not oppose (i) the approval of the Relationship Continuation Motion, subject to the full reservation of rights set forth in the proposed order (as modified); and (ii) the continuation of the proposed Cash Management System on an interim basis only.

                    WHITE AND WILLIAMS LLP

                    By: /s/ Sedgwick M. Jeanite
                    Robert Ansehl, Esq.
                    Sedgwick M. Jeanite, Esq.
                    250 West 34th Street, Suite 4110
                    New York, NY 10119
                    Telephone: 212-244-9500
                    ansehlr@whiteandwilliams.com
                    jeanites@whiteandwilliams.com

                    and

                    Earl M. Forte, Esq.
                    Amy E. Vulpio, Esq.
                    WHITE AND WILLIAMS LLP
                    1650 Market Street, Suite 1800
                    Philadelphia, PA 19103-7395
                    Telephone: 215-864-7000
                    fortee@whiteandwilliams.com
                    vulpioa@whiteandwilliams.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) | **CHAPTER 11** |
| **In re:** | ) |  |
|  | ) | **Case No. 15-43300 (CEC)** |
| **HYPNOTIC TAXI LLC,** *et al.*, | ) |  |
|  | ) | **(Jointly Administered)** |
| **Debtors.** | ) |  |
|  | ) |  |

## CERTIFICATE OF SERVICE

I, Sedgwick M. Jeanite, hereby certify that on the 19th day of October, 2015, I caused a copy of the foregoing Response of the Official Committee of Unsecured Creditors to (I) Debtors' Motion for an Order Pursuant to Sections 105(a) and 345 of the Bankruptcy Code Authorizing Use of the Joint Debtors' Cash Management System and (II) Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(A) and 363(B) Authorizing and Approving Debtors' Continued Business Relationship with Management Companies via electronic service on all parties requesting CM/ECF notification.

By: /s/ Sedgwick M. Jeanite
    Sedgwick M. Jeanite, Esq.