**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                           :          Chapter 11
                                                :
HYPNOTIC TAXI LLC, <u>et al</u>.,[1]            :          Case No. 15-43300 (CEC)
                                                :
                      Debtors.                  :          (Joint Administration Pending)
----------------------------------------------------------------x

**ORDER ESTABLISHING DEADLINE FOR FILING**
**PROOFS OF CLAIM AND APPROVING THE**
**<u>FORM AND MANNER OF NOTICE THEREOF</u>**

Upon the application (the "<u>Application</u>")[2] of Hypnotic Taxi LLC, *et al.* (the "<u>Debtors</u>")

as Debtors and Debtors-in-possession, for entry of an order pursuant to Rule 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), fixing a deadline and

establishing procedures for filing proofs of claim in the Debtors' chapter 11 cases and approving

the form and manner of service thereof; and the Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, the

Administrative Order 601 re: Referral of Matters to the Bankruptcy Judges, dated December 5,

2012 (Badgely Amor, C.J.); and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that

---

[1]   The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 15-43321).

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

the relief sought in the Application is in the best interests of the Debtors, their estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and that adequate notice has been given and that no further notice is necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED,** that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors that arose prior to July 22, 2015 (the "Petition Date"), shall file a proof of such claim (each a "Proof of Claim" and, collectively, "Proofs of Claim") in writing so that it is received on or before **December 21, 2015 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date"); and it is further

**ORDERED,** that notwithstanding any other provision hereof, Proofs of Claim filed by "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) must be filed on or before **January 18, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates"); and it is further

**ORDERED,** that subject to the exceptions described herein, any person or entity who holds a claim against a Debtor (whether secured, unsecured priority or general unsecured) that arose prior to the Petition Date, and who desires to share in any distribution made in this chapter 11 case, must file a Proof of Claim on or before the applicable Bar Date and in strict accordance with the requirements and procedures set forth herein; and it is further

**ORDERED,** that the following procedures for the filing of Proofs of Claim shall apply:

(a)    Proofs of Claim filed against the Debtors must substantially conform to Official

Bankruptcy Form No. 10 (the "<u>Proof of Claim Form</u>");

(b)  Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of Claim electronically on the Court's Case Management/Electronic Case File ("<u>CM/ECF</u>") system.  Those without accounts to the CM/ECF system must file their Proofs of Claim by mailing or delivering the original Proof of Claim by hand to the United States Bankruptcy Court, Eastern District of New York (the "<u>Bankruptcy Court</u>"):

> **United States Bankruptcy Court**
> **Eastern District of New York**
> **Conrad B. Duberstein U.S. Bankruptcy Courthouse**
> **271 Cadman Plaza East, Suite 1595**
> **Brooklyn, NY 11201-1800**

A copy of the Proof of Claim must also be sent contemporaneously to:

> **KLESTADT WINTERS JURELLER**
> **SOUTHARD & STEVENS, LLP**
> **200 West 41st St., 17th Fl.**
> **New York, New York 10036**
> **Attn:  Fred Stevens**

(c)  Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court (the "<u>Clerk</u>") on or before the applicable Bar Date;

(d)  Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

(e)  Proofs of claim shall specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, the holder shall file a separate proof of claim form for each Debtor;

(f)     The Bankruptcy Court shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

**ORDERED,** that the following persons or entities need not file a Proof of Claim on or prior to the Bar Dates:

(a)     Any person or entity that has already filed a proof of claim against the Debtors with the Bankruptcy Court in a form substantially similar to the Proof of Claim Form;

(b)     Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (a) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated;" <u>and</u> (b) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (c) the claimant does not dispute that the claim is an obligation of the Debtors against which the claim is listed on the Schedules;

(c)     Any holder of a claim that heretofore has been allowed by order of this Court;

(d)     Any person or entity whose claim has been paid in full by the Debtors;

(e)     Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     Any holder of a claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense in administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code); and

(g)     Professionals whose retentions in these chapter 11 cases have been approved by the Bankruptcy Court, to the extent that such professional's claim against the Debtors is for post-petition amounts due.

**ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED,** that holders of membership interests or other equity interests in the Debtors need not file proofs of interest with respect to the ownership of such interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an interest or the purchase or sale of such interests), a Proof of Claim for such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED,** that if a Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file Proofs of Claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED,** that nothing in this Order shall prejudice the rights of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED,** that subject to the exceptions described herein, pursuant to Bankruptcy Rule

3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a Proof of Claim Form shall not be treated as a creditor with respect to such claim for the purposes of distribution; and it is further

**ORDERED,** that a copy of the notice substantially in the form annexed hereto as <u>Annex I</u> (the "<u>Bar Date Notice</u>") is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the General Bar Date on:

(a)     the United States Trustee for the Eastern District of New York;

(b)     all persons or entities that request notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the time of mailing;

(c)     all persons or entities that have filed claims;

(d)     all known creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims for which the Debtors has addresses;

(e)     all parties to executory contracts and unexpired leases of the Debtors;

(f)     the attorneys of record to all parties to pending litigation against the Debtors (as of the date of the entry of this Order);

(g)     the Internal Revenue Service;

(h)     state and local taxing authorities;

(i)     holders of membership interests in the Debtors;

(j)     counsel to each official committee; and

(k)     such additional persons and entities as deemed appropriate by the Debtors and not included in the foregoing (collectively, the "<u>Bar Date Notice Parties</u>").

**ORDERED,** that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice

of the Bar Dates in substantially the form attached hereto as <u>Annex II</u> (the "<u>Publication Notice</u>") once, in Crain's New York at least twenty-eight (28) days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication of notice of the Bar Dates; and it is further

**ORDERED,** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED,** that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in this chapter 11 case; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**Dated: Brooklyn, New York**
**October 23, 2015**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

**ANNEX I**

**<u>NOTICE OF BAR DATES</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| HYPNOTIC TAXI LLC, | Case No. 15-43300 (CEC) |
| Debtor. | |
| In re | |
| BOMBSHELL TAXI LLC, | Chapter 11 |
| Debtor. | Case No. 15-43301 (CEC) |
| In re | |
| BOURBON TAXI, LLC, | Chapter 11 |
| Debtor. | Case No. 15-43302 (CEC) |
| In re | Chapter 11 |
| BUTTERFLY TAXI LLC, | Case No. 15-43303 (CEC) |
| Debtor. | |
| In re | Chapter 11 |
| CANDY APPLE TAXI LLC, | Case No. 15-43304 (CEC) |
| Debtor. | |
| In re | Chapter 11 |
| CHIANTI TAXI, INC., | Case No. 15-43305 (CEC) |
| Debtor. | |
| In re | Chapter 11 |
| CHOPARD TAXI INC., | Case No. 15-43306 (CEC) |
| Debtor. | |

| | |
|---|---|
| In re<br><br>CUPCAKE TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43307 (CEC) |
| In re<br><br>DORIT TRANSIT INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43308 (CEC) |
| In re<br><br>FRANCE TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43309 (CEC) |
| In re<br><br>HENNESSEY TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43310 (CEC) |
| In re<br><br>ICEBERG TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43311 (CEC) |
| In re<br><br>MARSEILLE TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43312 (CEC) |
| In re<br><br>MERLOT TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43313 (CEC) |

| | |
|---|---|
| In re<br><br>MILKYWAY CAB CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43314 (CEC) |
| In re<br><br>PALERMO TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43315 (CEC) |
| In re<br><br>PINOT NOIR TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43316 (CEC) |
| In re<br><br>POINTER TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43317 (CEC) |
| In re<br><br>PUDDING TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43318 (CEC) |
| In re<br><br>STOLI TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43319 (CEC) |
| In re<br><br>VODKA TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43320 (CEC) |

<table>
<tr><td>

In re

     VSOP TAXI INC.,

              Debtor.
</td><td>

Chapter 11

Case No. 15-43321 (CEC)
</td></tr>
</table>

## NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE DECEMBER 21, 2015 (GENERAL BAR DATE) AND JANUARY 16, 2015 (GOVERNMENTAL BAR DATE)

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:**

PLEASE TAKE NOTICE THAT, on [_____ __], 2015, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), having jurisdiction over the chapter 11 case of Hypnotic Taxi LLC, *et al.*, the Debtors and Debtors-in-possession (collectively, the "Debtors") in the above captioned Chapter 11 Cases, entered an order (the "Bar Date Order") establishing (i) **December 21, 2015, at 5:00 p.m. (prevailing Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "General Bar Date"); and (ii) **January 18, 2015, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against the Debtors (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to July 22, 2015, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM. THE ATTORNEYS FOR THE DEBTORS ARE NOT AUTHORIZED TO PROVIDE YOU WITH ANY LEGAL ADVICE.**

## WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to July 22, 2015, and it is not one of the other types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before July 22, 2015, must be filed by the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before July 22, 2015.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word

"claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, priority claims, and any claim allowable under section 503(b)(9) of the Bankruptcy Code.

## WHAT TO FILE

Your filed proof of claim must conform substantially to Official Bankruptcy Form No. 10 (the "Proof of Claim Form"). A Proof of Claim Form which you may use to submit your Proof of Claim is enclosed with this Notice. All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the case caption above.

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

## WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be **actually received on or before** the applicable Bar Date.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of Claim electronically on the Bankruptcy Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts to the CM/ECF system must file their Proofs of Claim by mailing or delivering the original Proof of Claim by hand to the Bankruptcy Court:

**United States Bankruptcy Court**
**Eastern District of New York**
**Conrad B. Duberstein U.S. Bankruptcy Courthouse**
**271 Cadman Plaza East, Suite 1595**
**Brooklyn, NY 11201-1800**

A copy of the Proof of Claim must also be sent contemporaneously to:

> **KLESTADT WINTERS JURELLER**
> **SOUTHARD & STEVENS, LLP**
> **200 West 41st St., 17th Floor**
> **New York, New York 10036**
> **Attn:  Fred Stevens**

Proofs of Claim will be deemed timely filed only if **actually received** by the Bankruptcy Court on or before the applicable Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

## WHO NEED NOT FILE A PROOF OF CLAIM

You do **not** need to file a Proof of Claim on or prior to the applicable Bar Date if you are:

(a)    A person or entity that has already filed a proof of claim against the Debtors with the Bankruptcy Court in a form substantially similar to the Proof of Claim Form;

A person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated;" **and** (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant does not dispute that the claim is an obligation of the specific Debtors against which the claim is listed on the Schedules;

A holder of a claim that heretofore has been allowed by order of the Bankruptcy Court;

A person or entity whose claim has been paid in full by the Debtors;

A holder of a claim for which specific deadlines have previously been fixed by the Bankruptcy Court;

A holder of a claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense in administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code); or

A professional whose retention in these chapter 11 cases has been approved by the Bankruptcy Court, to the extent that such professional claim against the Debtors is for post-petition amounts due.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such interest at this time.  However, if you assert a claim against the Debtors, including a claim relating to such interest or the purchase or sale of such interest, a Proof of Claim for such claim must be filed on or prior to the General Bar Date

pursuant to procedures set forth in this Notice.

**This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVES THAT YOU HAVE A CLAIM AGAINT THE DEBTORS.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Order, you must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND ITS CHAPTER 11 ESTATE AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASE ON ACCOUNT OF SUCH CLAIM.

## THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF

You may be listed as the holder of a claim against one of the above-captioned Debtors in that Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is against the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the General or Governmental Bar Date, as applicable, in accordance with the

procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.nyeb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.  Copies of the Debtors' Schedules may also be obtained by request to Debtors counsel at the address and telephone number set forth below:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
570 Seventh Avenue, 17th Floor
New York, New York 10018
Attention:  Fred Stevens, Esq.
Telephone:  (212) 972-3000

In the event that the Debtors amend or supplement the Schedules to (a) designate a claim as disputed, contingent, or unliquidated, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, (d) remove a claim reflected therein, or (e) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (i) the applicable Bar Date or (ii) the date that is **thirty (30) days** after the Debtors provides notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.  The attorneys for the Debtors are not authorized to provide you with any legal advice.**

DATED: _____                    **BY ORDER OF THE COURT**
New York, New York

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st St., 17th Floor
New York, New York 10036
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**ANNEX II**

**<u>NOTICE OF BAR DATES</u>**

**<u>PUBLICATION NOTICE</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                              :          Chapter 11
                                                   :
HYPNOTIC TAXI LLC, et al.,[1]                      :          Case No. 15-43300 (CEC)
                                                   :
                          Debtors.                 :          (Joint Administration Pending)
-------------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS ON THE ANNEXED LIST (THE "DEBTORS") PLEASE TAKE NOTICE OF THE FOLLOWING –**

On July 22, 2015, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On _____, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered an order (the "Bar Date Order") establishing (a) **December 21, 2015 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the deadline for each person or entity other than a Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) to file a proof of claim ("Proof of Claim") with respect to any claim against the Debtors that arose prior to July 22, 2015 and (b) **January 18, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates") as the deadline for Governmental Units to file a Proof of Claim with respect to any claim against the Debtors that arose prior to July 22, 2015.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

---

[1]  The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 15-43321).

You may need to file a Proof of Claim if you have a claim that arose prior to July 22, 2015 against any of the Debtors.  Acts or omissions of the Debtors that arose prior to July 22, 2015 may give rise to claims against the Debtors that must be filed by the applicable Bar Date notwithstanding that such claims may not have matured or become fixed or liquidated as of July 22, 2015.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**Any holder of a claim who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred from asserting such claim against the Debtors and their estates and from participating in any distribution in the Debtors' cases on account of such claim.**

DATED: _____ ___, _____                              **BY ORDER OF THE COURT**
New York, New York


KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st St., 17th Floor
New York, New York 10036
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245

ATTORNEY FOR DEBTORS
AND DEBTORS IN POSSESSION

| Debtor | Case No. |
|---|---|
| Hypnotic Taxi, LLC | 15-43300 |
| Bombshell Taxi LLC | 15-43301 |
| Bourbon Taxi, LLC | 15-43302 |
| Butterfly Taxi LLC | 15-43303 |
| Candy Apple Taxi LLC | 15-43304 |
| Chianti Taxi, Inc. | 15-43305 |
| Chopard Taxi Inc. | 15-43306 |
| Cupcake Taxi LLC | 15-43307 |
| Dorit Transit Inc. | 15-43308 |
| France Taxi LLC | 15-43309 |
| Hennessey Taxi Inc. | 15-43310 |
| Iceberg Taxi Inc. | 15-43311 |
| Marseille Taxi LLC | 15-43312 |
| Merlot Taxi LLC | 15-43313 |
| Milkyway Cab Corp. | 15-43314 |
| Palermo Taxi LLC | 15-43315 |
| Pinot Noir Taxi LLC | 15-43316 |
| Pointer Taxi LLC | 15-43317 |
| Pudding Taxi Inc. | 15-43318 |
| Stoli Taxi LLC | 15-43319 |
| Vodka Taxi LLC | 15-43320 |
| VSOP Taxi Inc. | 15-43321 |