| | |
|---|---|
| **KLESTADT WINTERS JURELLER**<br>**SOUTHARD & STEVENS, LLP**<br>200 West 41st Street, 17th Floor<br>New York, NY 10036-7203<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Fred Stevens<br>Stephanie R. Sweeney | Settlement Date: May 20, 2016<br><br>Objection Deadline Date:<br>May 17, 2016 |

*Counsel to the Debtors and Debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :        Chapter 11
                                                  :
HYPNOTIC TAXI LLC, et al.,[1]                     :        Case No. 15-43300 (CEC)
                                                  :
            Debtors.                              :        (Jointly Administered)
------------------------------------------------------------------x

### DEBTORS' OBJECTION TO THE PROPOSED ORDER GRANTING IN PART AND DENYING IN PART EMERGENCY MOTIONS OF STERLING NATIONAL BANK AND CAPITAL ONE EQUIPMENT FINANCE CORP. TO INTERVENE IN THE CHAPTER 11 CASES

**TO THE HONORABLE CARLA E. CRAIG,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

   The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their counsel, Klestadt Winters Jureller Southard & Stevens, LLP, submit this limited objection (the "Objection") to the proposed order (the "Proposed Order") granting in part

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 15-43321).

and denying in part the Motion [Docket No. 233] (the "Capital One Motion") of Capital One Equipment Finance Corp. ("Capital One") and the Motion [Docket No. 243] (the "SNB Motion" and, together with the Capital One Motion, the "Motions")[2] of Sterling National Bank ("SNB" and, together with Capital One, the "Movants") authorizing the Movants to intervene in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of this Objection, the Debtors respectfully represent as follows:

## OBJECTION

The Debtors are confused by the Movants' settlement of the Proposed Order without any discussion on Debtors' requested changes. In the morning on Tuesday, May 10, 2016, the Movants sent the Proposed Order to Debtors' counsel (and others) requesting comments to the Proposed Order. The Proposed Order contains the following operative decretal paragraph with respect to each Movant:

> ORDERED that the [Movant's] Intervention Motion is hereby granted to the extent that any property in which [Movant] claims a security interest or lien is to be, or is proposed to be, transferred, used or otherwise directly affected by any action, or any proposed action, in these cases, [Movant] may raise and be heard upon any issue in connection therewith; and it is further

That evening, Debtors' counsel returned the Proposed Order with the Debtors' comments modifying the above decretal paragraph to the following, which tracked nearly verbatim the Court's language at the hearing (provided below):

> ORDERED that the [Movant's] Intervention Motion is hereby granted to the extent that [Movant] is permitted to file objections to confirmation of the plan proposed by the Debtors to the extent it deems it necessary in order to preserve any property interest it has, or that it claims it has, in property affected by the plan; and it is further

Three days later, without any dialogue, Movants' counsel sent an email concluding that

---

[2] Terms capitalized but not defined herein have the meanings assigned to them in the respective Motions unless otherwise provided.

the parties were pretty far apart and that it was best to just submit competing proposed orders to the Court.

In the Debtors' view, the Proposed Order goes beyond what the Court ruled. At the May 4, 2016 hearing on the Motions, the Court stated:

```
                                                         Page 41
 1   issues at that time or if they just file a plan objection and
 2   we --
 3           THE COURT:  Well, there's a pending motion.  It has
 4   to be disposed of in some fashion or carried.  But my proposal
 5   -- my thought would be to deny the motion to intervene or to
 6   grant it -- to grant it in part and deny it in part so that
 7   they -- grant it to the extent that they are permitted to file
 8   objections to plan confirmation as they see -- deem to be
 9   necessary in order to preserve any property interest they have
10   in, they claim, in property that's going to be dealt with under
11   the plan.  That would be --
```

Although the Debtors would have certainly welcomed discussion on the issue to understand the Movants' concerns and hopefully avoid burdening the Court with competing orders, the Movants elected not to engage in discussions. Accordingly, the Debtors hereby submit and request entry of the annexed proposed order (the "Debtors Proposed Order"), a copy of which is annexed hereto as Exhibit A, and which accurately reflects the Court's ruling (a black-lined comparison of the Proposed Order and Debtors Proposed Order is annexed hereto as Exhibit B).

## **CONCLUSION**

For all of the foregoing reasons, the Debtors respectfully request that the Debtors Proposed Order be entered instead of the Proposed Order.

Dated:   New York, New York
        May 17, 2016

                                      Respectfully submitted,

                                      **KLESTADT WINTERS JURELLER**
                                         **SOUTHARD & STEVENS, LLP**

                              By:   */s/ Fred Stevens*
                                      Fred Stevens
                                      Stephanie R. Sweeney
                                      200 West 41st Street, 17th Floor
                                      New York, New York 10036-7203
                                      Tel: (212) 972-3000
                                      Fax: (212) 972-2245
                                      Email: fstevens@klestadt.com
                                                    ssweeney@klestadt.com

                                      *Attorneys to the Debtors and Debtors in*
                                        *possession*