**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
David A. Blansky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                            Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                          Case No.: 15-43300 (CEC)
                                                                  (Jointly Administered)

                              Debtors.
------------------------------------------------------------x

**TRUSTEE'S AFFIDAVIT IN SUPPORT OF HIS APPLICATION FOR ORDERS
(A) SCHEDULING A HEARING ON SHORTENED NOTICE AND
(B) ENFORCING THE INITIAL 11 U.S.C. § 721 ORDER AND COMPELLING
TURN OVER OF PROPERTY OF THE DEBTORS' ESTATES**

STATE OF NEW YORK      )
                                    ) ss.
COUNTY OF BROOKLYN  )

Gregory Messer, hereby deposes and says:

1.      I am the Chapter 7 Trustee of (the "Trustee") of the jointly administered estates of

Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy

Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc.,

France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi

LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi LLC, Pudding

Taxi Inc., Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (collectively the "Debtors").

2.      I submit this affidavit in support of the Chapter 7 Trustee's Application for the

Entry of Order(s): (a) Scheduling a Hearing on Shortened Notice, and (b) Enforcing the Initial 11

U.S.C. § 721 Order and Compelling Evgeny Freidman, Downtown Taxi Management, LLC,

1

Tunnel Taxi Management, LLC, Woodside Management, Inc. or any other person in possession of the Debtor's' Medallions, Taxi Vehicles and Funds to Turn Over the Debtors' Medallions and Taxi Vehicles to the Trustee (the "Application").

3.      By the Application, I seek entry of Order(s): (a) scheduling a hearing on shortened notice on my application to enforce the Initial 721 Order (as defined below) and compel the turnover of the Debtor's Medallions and the Taxi Vehicles (as those terms are defined below) and the funds due the estates under the Former Management Agreements (as defined below), together with related relief; and (b) an order enforcing the Initial 721 Order and compelling the turnover of the Debtors' property using, as necessary, the United States Marshals Service to assist in the recovery of that property.

4.      Unless indicated otherwise, I make this affidavit on personal knowledge obtained through my review of the Debtors' Petitions and Schedules, my review of documents received by me in the context of this bankruptcy case, and my communications with various parties in interest relating to these jointly administered estates.

5.      On July 22, 2015 (the "Filing Date"), the Debtors each filed separate voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York (the "Court").

6.      In connection each of the Debtors' Petitions, Freidman, as sole and managing member of the limited liability corporate debtors and debtors in possession or president and sole shareholder of the corporate debtors and debtors in possession, filed an identical affidavit in which he described, among other things, the Debtors' business operations and assets (the "Freidman Affidavit") [Dkt No. 2].

7.      According to paragraph "5" the Freidman Affidavit,

2

Each of the Debtors is either a limited liability company or a corporation organized under the laws of the State of New York. The Debtors maintain an office at 330 Butler Street, Brooklyn, New York 11217 and the Debtors' Medallions and Taxi Vehicles (as defined below) are maintained or utilized at this location. The Debtors each own either two or three medallions ("Medallions") issued by the New York City Taxi and Limousine Commission ("TLC") that permit taxi services to be performed by the Debtors. The Debtors also own each of the vehicles which are operated with the permission granted through their respective Medallions (the "Taxi Vehicles"). ***The Debtors' primary assets are the forty-six (46) Medallions and the associated Taxi Vehicles***, as well as loan receivables due the Debtors by certain insiders and affiliates as set forth on the Debtors' tax returns. [emphasis added]

8.       According to paragraph "46" of the Freidman Affidavit,

The Debtors own each of the vehicles associated with each Medallion. The total value of the vehicles owned by the Debtors is approximately $572,100, which are not subject to any liens.

9.       By Order dated August 10, 2015 [Dkt No. 26], the Debtors' cases were jointly administered under Hypnotic Taxi LLC [Case No. 15-43300-CEC].

10.      On September 24, 2015, the United States Trustee (the "UST") filed an amended appointment of the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' cases [Dkt No. 64].

11.      By Order dated October 30, 2015 [Dkt No. 107], Joshua Rizack was appointed as the Chief Restructuring Officer (the "CRO") to the debtors in possession during the Chapter 11 proceeding.

12.      By Order dated September 22, 2016 [Dkt. No. 368], the Debtors' cases were converted to ones under Chapter 7 of the Bankruptcy Code (the "Conversion Date").

13.      By Notice of Appointment dated September 23, 2016 [Dkt. No. 370], I was appointed as the interim Chapter 7 Trustee of the Debtors' estates.

14.     On September 27, 2016, upon Citibank's motion for a temporary restraining order under adversary proceeding no. 16-01152, the Court entered on order granting a preliminary injunction which enjoined the Debtors, certain management companies operating the Debtors' asserts and their respective agents, attorneys, officers, principals, members, shareholders and anyone acting in concert with them from: (a) cancelling any insurance policy in effect relating to any asset of the Debtors (or suffer the foregoing); and (b) surrendering, storing, relocating, using and/or disposing of any estate asset outside of the ordinary course of business (or suffer the foregoing) (the "Injunction Order"). [Dkt No. 14, Adversary Proceeding No. 16-01152]

15.     The initial meeting of creditors was held on October 26, 2016, at which time I became the permanent Trustee of the Debtors' estates.

16.     The Debtors are either limited liability companies or corporations organized under the laws of the State of New York. The Debtors maintain an office at 330 Butler Street, Brooklyn, New York 11217.

17.     Each of the Debtors own either two or three New York City taxi medallions (the "Medallions") issued by the New York City Taxi and Limousine Commission ("TLC") and related vehicles (the "Taxi Vehicles"). The Debtors collectively own 46 Medallions and Taxi Vehicles.  See Freidman Affidavit, ¶ "5".  The Medallion numbers and VIN numbers for the Taxi Vehicles operating using each of the medallions were identified on Schedule B to each of the Debtors Petitions. Fair and accurate copies of excerpts from each of the Debtors' Schedule B reflecting the Medallion numbers, make, model and year of each of the Taxi Vehicles are annexed as Exhibit "A".  A schedule identifying the respective Debtors, Medallion numbers and Taxi Vehicle VIN numbers is annexed as Exhibit "B".

18.    Fair and accurate copies of the New York Department of Motor Vehicle Registrations for the Taxi Vehicles provided by Debtors' counsel are annexed as Exhibit "C". Fair and accurate copies of the certificates of liability for the Taxi Vehicles, which also allude to the corresponding Medallion numbers, produced by the Debtors' insurance broker, are annexed as Exhibit "D".

19.    Rather than merely rely on the representations made in the Freidman Affidavit as to the Debtors' ownership of the 46 Taxi Vehicles associated with their 46 Medallions, on October 24, 2016 I had performed current owner searches of the New York State Department of Motor Vehicle's records for all but two of the Taxi Vehicles. The results reflected that 41 of the 44 Taxi Vehicles that were the subject of the search were owned by Debtors. Fair and accurate copies of the current owner results are annexed as Exhibit "E".

20.    The Taxi Vehicles having VIN numbers 4T1BD1FK7DU086042 and 4T1BD1FK7CU036059 were registered to non-debtor corporations, namely Zorro Inc. and Oasis Cab Corp., respectively, at that time. The Taxi Vehicle having VIN number 4T1BD1FK9DU092814 did not have an owner of record. See Exhibit "E". The Debtor Chopard Taxi Inc. listed the Taxi Vehicles having VIN Numbers 4T1BD1FK7DU086042 and 4T1BD1FK7CU036059 on Schedule B to its Petition. See Exhibit "A".

21.    On December 21, 2016, I obtained current owner searches relating to the two Taxi Vehicles associated with the Debtor France Taxi LLC and, thereby, confirmed that it is the registered owner of the Taxi Vehicles having VIN numbers 4T1BD1FK4CU040795 and 4T1BD1FK6CU037736. Fair and accurate copies of the search results confirming its ownership are annexed as Exhibit "F".

22.     Based on the Freidman Affidavit and the Schedule B filed by each of the Debtors, the Debtors are the owners of each of the Medallions and the associated Taxi Vehicles[1].

23.     Prior to the Filing Date, Freidman operated the Debtor, but during the Chapter 11 proceedings the Debtors were managed by Joshua Rizack, the CRO.

24.     Prior to the Filing Date and the Conversion Date, the operation of the Debtors' Medallions and related Taxi Vehicles were effectuated through four non-debtor management companies: (a) Downtown Taxi Management, LLC ("Downtown"); (b) Tunnel Taxi Management, LLC ("Tunnel"); (c) Woodside Management, Inc. ("Woodside"); and (d) 28th Street Management, Inc. ("28th Street"). See Freidman Affidavit, ¶ "7".

25.     As of the Filing Date, Freidman as the sole member with a 100% membership interest or the President and 100% stockholder of each of the Debtors. See Freidman Affidavit, ¶ "9". Freidman is the sole owner of 28th Street and Woodside. Freidman possesses a one-third (1/3) interest in each of Downtown and Tunnel. Mamed Dzhanyev and Yladimia Basin are the other equity owners of Downtown and Tunnel and each possesses a one-third (1/3) interest in each.

26.     Specifically, during the Chapter 11 proceedings, the Debtors' Medallions were leased and operated as follows:

a.      Downtown:

|  |  |
|---|---|
| Hypnotic Taxi LLC | Medallions 3P43, 3P44 |
| Milkyway Cab Corp. | Medallions 7P37, 7P38, 7P39 |
| Iceberg Taxi Inc. | Medallions 2L29, 2L30 |
| Candy Apple Taxi LLC | Medallions 6V13, 6V14 |
| Vodka Taxi LLC | Medallions 9V40, 9V41 |
| Cupcake Taxi LLC | Medallions 6V11, 6V12 |

---

[1] In view of the documents annexed as Exhibits "E" through "F", the Debtors are the title owners of all of the Taxi Vehicles, except those having VIN numbers 4T1BD1FK7DU086042, 4T1BD1FK7CU036059 and 4T1BD1FK9DU092814.

|                     |                                  |
|---------------------|----------------------------------|
| Butterfly Taxi LLC  | Medallions 9K36, 9K37            |
| Chianti Taxi LLC    | Medallions 2L45, 2L46            |

b.      Tunnel:

|                     |                                  |
|---------------------|----------------------------------|
| Pudding Taxi Inc.   | Medallions 6V25, 6V26            |

c.      28th Street:

|                     |                                  |
|---------------------|----------------------------------|
| VSOP Taxi Inc.      | Medallions 2V82, 2V83            |
| Dorit Transit Inc.  | Medallions 9L48, 9L49            |
| Pointer Taxi LLC    | Medallions 8P16, 8P17            |
| Chopard Taxi Inc.   | Medallions 7P48, 7P49, 7P50      |

d.      Woodside:

|                     |                                  |
|---------------------|----------------------------------|
| Stoli Taxi Inc.     | Medallions 2V44, 2V45            |
| Palermo Taxi Inc.   | Medallions 4N74, 4N75            |
| Marseille Taxi LLC  | Medallions 9V90, 9V91            |
| Bombshell Taxi LLC  | Medallions 9J91, 9J92            |
| Pinot Noir Taxi LLC | Medallions 6G58, 6G60            |
| Merlot Taxi LLC     | Medallions 2P21, 2P22            |
| Bourbon Taxi LLC    | Medallions 2J62, 2J63            |
| France Taxi LLC     | Medallions 9V96, 9V97            |
| Hennessey Taxi Inc. | Medallions 2V84, 2V85            |

See Freidman Affidavit, ¶ "7".

27.    Prior to the Filing Date and the Conversion Date, Downtown, Tunnel, Woodside, and 28th Street leased the Medallions and the related Taxi Vehicles directly from the respective Debtor and operated each of the Taxi Vehicles. The Debtors were to be compensated for this leasing arrangement by way of the lease payments from these management companies. The monthly base lease obligation to the Debtors was equal to the Debtors' historical monthly debt service on certain loans from Citibank, N.A. ("Citibank") and paid directly to Citibank.  See Freidman Affidavit, ¶ "7".

28.    This process was to continue during the Chapter 11 case as authorized by the Court. These managements companies received the gross revenues from the operation of the

Taxi Vehicles, and were to pay the expenses associated with the operation of such Taxi Vehicles, including: (a) all insurance/bonding premiums; (d) liability for personal bodily injury up to applicable insurance limits; (c) property damage and other tort claims up to the minimum coverage amounts required by the TLC; (d) vehicle maintenance, repairs and fuel; and (e) overhead expenses.

29.     Pursuant to an Order entered by the Court on October 28, 2016, the Court authorized the Trustee to operate the Debtors' businesses and pay operating expenses through and including January 13, 2017 (the "Initial 721 Order"). [Dkt. No. 392]

30.     The Initial 721 Order also approved three management agreements ("Former Management Agreements") with: (a) Downtown, located at 330 Butler Avenue, Brooklyn, NY; (b) Tunnel, located at 44-07 Vernon Blvd, Long Island City, NY 11101; and (c) Woodside, located at 49-13 Roosevelt Avenue, Woodside NY, 11377 (collectively, the "Former Managers"). Copies of the Former Management Agreements are annexed as Exhibit "G". Each of the Former Managers was operated and owned by Friedman.

31.     Pursuant to the Former Management Agreements, the Former Managers were to pay me $2,000.00 per Medallion per month to be paid no later than the eighth day of each month. See Exhibit "G", ¶ "2".  As the Debtors' collectively own 46 Medallions operated under the Former Management Agreements, the Former Managers were required to pay me $92,000.00 per month to be paid no later than the eighth day of each month.  Id.

32.     The Former Managers failed to remit the $92,000.00 due on December 8, 2016. Under paragraph "3" of the Former Management Agreements, each of the Former Managers had five days in which to cure the default arising from their non-payment.  See Exhibit "G", ¶ "3". In the event of the Former Managers' failure to timely cure their default, the Former

Management Agreements provided me with the right to terminate the Former Management Agreements. Id.

33.     Having failed to cure their default on or before December 13, 2016, on December 16, 2016, via my counsel, the Former Managers were provided with notice of my termination of the Former Management Agreements, effective as of December 21, 2016, and my demand for the immediate turnover of the Medallions and Taxi Vehicles.[2]   Copies of those letters are annexed as Exhibit "H".

34.     The effective date of the termination of the Former Management Agreements has passed.  Freidman and the Former Managers have failed and refused to turn over the Medallions and Taxi Vehicles.   Notwithstanding that at the inception of each of the Debtors' cases, Freidman made sworn representations in the Freidman Affidavit that the Debtors owned 46 Medallions and each of the Taxi Vehicles associated with each of the Medallions and that none of the Taxi Vehicles was encumbered by any lien, Freidman now claims that the Debtors do not own the Taxi Vehicles.  See Freidman Affidavit, ¶¶ "5" and "46".  The Former Managers have also failed to remit the $92,000.00 due as of December 8, 2016, pursuant to the terms of the Former Management Agreements.

35.     The Former Managers and Freidman have stated they are prepared to cooperate with respect to the turnover the Medallions, which are affixed to the Taxi Vehicles, however, at 11:20 a.m. today, their counsel advised they would not surrender the Taxi Vehicles absent an order of the Court.

36.     According to the current owner search results, the Debtors' Butler Street, Brooklyn address for the Debtors and Downtown was used for the title to 17 Taxi Vehicles,

---

[2] Paragraph "16" of each of the Former Management Agreements requires the immediate surrender of the Medallions to me upon termination. See Exhibit "G", ¶ "16".

Woodside's address was used for title to 18 Taxi Vehicles, Tunnels' address was used for title to two Taxi Vehicles, and 313 10th Avenue, New York, NY 10001 was used for title to eight Taxi Vehicles.  As such, the Taxi Vehicles may be situated at some or all of these addresses.  See Exhibits "D" and "E".

37.    In view of the termination of the Former Management Agreements, my application to enter into a new management agreement with NYC Taxi Group Inc. and the refusal of the Former Managers and Freidman to cooperate in the orderly and timely surrender of the Medallions and Taxi Vehicles to me or the professionals and agents employed by me, and the failure to remit the funds due under the Former Management Agreement, an order compelling the immediate turnover of the Debtors' property is required.

38.    Moreover, given the ease with which these assets could be abandoned and disposed of by adverse parties, Freidman's remarkable recent assertion that the Taxi Vehicles are not property of the Debtors, and the Medallions and Taxi Vehicles being situated at as many as four locations, I should be authorized to employ the support of the United States Marshals Service, as necessary, to effectuate the terms of the order that may be entered by the Court compelling the turnover of the Debtors' property.

39.    Accordingly, I request that the Court authorize and direct the United States Marshals Service to assist me, my agents, representatives, and professionals in recovering all of the Medallions, Taxi Vehicles and funds due the estate wherever they may be situated without need to return to the Court so as to facilitate the orderly turnover of the Debtors' assets and that I, my agents, representatives, and professionals be authorized to use all efforts necessary to gain access to and recover the Debtors' property, including breaking the locks at the Former Managers' premises and entering onto said premises.

40.    No prior application for the relief sought herein has been requested.

Dated: December 22, 2016
        Brooklyn, New York

*s/ Gregory Messer*
Gregory Messer, as
Chapter 7 Trustee

Sworn before me this 22nd day
of December 2016


*s/ David A. Blansky*
David A. Blansky
Notary Public, State of New York
No. 02BL6008775
Qualified in Nassau County
Commission Expires June 15, 2018


*m:\documents\company\cases\hypnotic taxi llc\mtn surrender medallions\trustee affidavit.docx*