**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                                    Case No.: 15-43300 (CEC)
                                                                (Jointly Administered)

                                  Debtors.
-------------------------------------------------------------x

**MOTION FOR THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTORS' BUSINESSES AND PAY CERTAIN OPERATING EXPENSES OF THESE ESTATES**

TO THE HONORABLE CARLA E. CRAIG
CHIEF JUDGE UNITED STATES BANKUPTCY COURT

Gregory Messer, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi LLC, Pudding Taxi Inc., Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking the entry of an Order, pursuant to §§ 105(a) and 721 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Trustee to operate the Debtors' businesses and pay certain expenses on an interim basis through and including March 31, 2017 (without prejudice to seek further extensions of such authority) approving the proposed management

1

agreement (the "Management Agreement")[1] with the non-debtor management company, NYC Taxi Group Inc. (the "Manager"), substantially in the form annexed hereto as Exhibit "A", and respectfully represents as follows:

## PROCEDURAL BACKGROUND

1. On July 22, 2015 (the "Filing Date"), the Debtors each filed separate voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York (the "Court").

2. By Order dated August 10, 2015 [Dkt No. 26], the Debtors' cases were jointly administered under Hypnotic Taxi LLC [Case No. 15-43300-CEC].

3. On September 24, 2015, the United States Trustee (the "UST") filed an amended appointment of the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' cases [Docket No. 64].

4. By Order dated September 22, 2016 [Dkt. No. 368], the Debtors' cases were converted to ones under Chapter 7 of the Bankruptcy Code (the "Conversion Date").

5. By Notice of Appointment dated September 23, 2016 [Dkt. No. 370], Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtors' estates, has since duly qualified and is the permanent Trustee administering these estates,

6. Pursuant to an Order entered by the Court on October 28, 2016, the Court authorized the Trustee to operate the Debtors' businesses and pay operating expenses through and including January 13, 2017 (the "Initial 721 Order"). The Initial 721 Order also approved three management agreements ("Former Management Agreements") with: i) Downtown Taxi Management, LLC located at 330 Butler Avenue, Brooklyn, NY; ii) Woodside Management,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Management Agreement.

Inc. located at 49-13 Roosevelt Avenue, Woodside NY, 11377; and iii) Tunnel Taxi Management, LLC located at 44-07 Vernon Blvd, LIC, NY 11101, (collectively, the "Former Managers"). The Former Managers were operated and owned by Evgeny Freidman ("Freidman").

## JURISDICTION, VENUE AND STATUTORY PREDICATE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in this Motion is Bankruptcy Code § 721.

## FACTUAL BACKGROUND

8. The Debtors are either limited liability companies or corporations organized under the laws of the State of New York. The Debtors maintain an office at 330 Butler Street, Brooklyn, New York 11217.

9. Each of the Debtors own either two or three New York City taxi medallions (the "Medallions") issued by the New York City Taxi and Limousine Commission ("TLC") and related vehicles (the "Taxi Vehicles"). The Debtors collectively own forty-six (46) Medallions and Taxi Vehicles. Freidman was the sole and managing member of the limited liability company Debtors or president and sole shareholder of the corporate Debtors.

10. Prior to the Filing Date, Freidman operated the Debtors, but during the chapter 11 proceeding the Debtors were managed by Joshua Rizack, the CRO.

**A.     The Former Management Agreements**

11.     Pursuant to the Initial 721 Order, the Trustee operated the Debtors' Medallions through the Former Managers pursuant to the terms of the Former Management Agreements as follows:

a.  <u>Downtown</u>:
    | | |
    |---|---|
    | Hypnotic Taxi LLC | Medallions 3P43, 3P44 |
    | Milkyway Cab Corp. | Medallions 7P37, 7P38, 7P39 |
    | Iceberg Taxi Inc. | Medallions 2L29, 2L30 |
    | Candy Apple Taxi LLC | Medallions 6V13, 6V14 |
    | Vodka Taxi LLC | Medallions 9V40, 9V41 |
    | Cupcake Taxi LLC | Medallions 6V11, 6V12 |
    | Butterfly Taxi LLC | Medallions 9K36, 9K37 |
    | Chianti Taxi LLC | Medallions 2L45, 2L46 |

b.  <u>Tunnel</u>:
    | | |
    |---|---|
    | Pudding Taxi Inc. | Medallions 6V25, 6V26 |

c.  <u>Woodside</u>:
    | | |
    |---|---|
    | Stoli Taxi Inc. | Medallions 2V44, 2V45 |
    | Palermo Taxi Inc. | Medallions 4N74, 4N75 |
    | Marseille Taxi LLC | Medallions 9V90, 9V91 |
    | Bombshell Taxi LLC | Medallions 9J91, 9J92 |
    | Pinot Noir Taxi LLC | Medallions 6G58, 6G60 |
    | Merlot Taxi LLC | Medallions 2P21, 2P22 |
    | Bourbon Taxi LLC | Medallions 2J62, 2J63 |
    | France Taxi LLC | Medallions 9V96, 9V97 |
    | Hennessey Taxi Inc. | Medallions 2V84, 2V85 |
    | VSOP Taxi Inc. | Medallions 2V82, 2V83 |
    | Dorit Transit Inc. | Medallions 9L48, 9L49 |
    | Pointer Taxi LLC | Medallions 8P16, 8P17 |
    | Chopard Taxi Inc. | Medallions 7P48, 7P49, 7P50 |

12.     Under the terms of the Former Management Agreements, Freidman, on behalf of the Former Managers, were required to pay the Trustee $2,000 a month per Medallion for an aggregate payment of $92,000 per month. Each Monthly Payment was to be made on the eighth (8) day of each month during the Operational Period. Under the terms of the Former

Management Agreements, the Termination Date was set to be January 13, 2017 unless the parties agreed to an extension in writing.

13. The Former Managers partially complied with their obligations under the Management Agreements by making the Monthly Payment of $92,000 in October and November. In December, however, the Former Managers failed to make the December Monthly Payment of $92,000 on or before December 8, 2016, and thus defaulted under the Management Agreements. Under such terms, the Former Managers had five (5) days to cure their respective Defaults—December 13, 2016. The Former Managers did not make the Monthly Payment, and thus did not cure their defaults.

14. Equally as important, the Former Managers have failed to comply with all of their obligations under Section 4 of the Former Management Agreements. Under such section, the Former Managers were required to pay all the necessary fees and the Improvement Surcharge Payments to the TLC. The Trustee has demanded proof of payment of the TLC fees and penalties, but Freidman has refused to response to such demands. Upon information and belief, however, the Debtors owe well over $250,000 to the TLC for outstanding fees, penalties and surcharges.

15. Consequently, in letters to each of the Former Management Companies dated December 16, 2016, the Trustee terminated the Former Management Agreements as of December 21, 2016 (the "Termination Letters"). The Termination Letters made an immediate demand for the turnover of the Debtors' Medallions and Taxi Vehicles and reserved any and all rights of the estates may have to pursue the recovery of any such monies owed under the Former Management Agreements, as well as applicable state and common law as the Trustee deems appropriate.

16. As set forth in greater detail in the Motion to Compel the Turnover of the Debtors' Taxi Vehicles and the Medallions filed contemporaneously with this Motion, Freidman, on behalf of the Former Managers, initially refused to turn over the Medallions or the Taxi Vehicles. Based upon further conversation with counsel, however, Freidman now appears willing to turn over the Medallions but not the Taxi Vehicles.

B. **The Proposed Management Agreement**

17. In anticipation of the termination of the Former Management Agreements, the Trustee engaged in negotiations with the Manager to find a possible replacement manager to continue the operation of the Debtors' Medallions to preserve their value.

18. Pursuant to the terms of the proposed Management Agreement, the Trustee, on behalf of the Debtors' estates, will receive one aggregate Monthly Payment of $64,400.00, which represents $1,400.00 per month for each of the 46 Medallions. The Manager, however, will only be responsible for those Medallions that are Operational Medallions meaning that it is in compliance of, and not on the suspension list of, the TLC. The Manager will have the same obligations to pay all the necessary TLC fees and penalties and provide a reporting of the same to the Trustee on a monthly basis. *See* Exhibit A, Section 4.

19. In an effort to streamline the accounting process, the Trustee respectfully requests that the Manager be permitted to pay the aggregate Monthly Payment of $64,400.00 into the Hypnotic Taxi LLC estate via wire transfer. Further, the Trustee respectfully requests that upon receipt and clearance of the aggregate Monthly Payment, the Trustee be authorized to transfer the portion of the Monthly Payment on account of each Medallion into the corresponding Debtor estate.

20. Lastly, the Trustee advised Citibank about the continued operation of the Medallions by the new Manager and the general proposed terms of the Management Agreement.

## BASIS FOR RELIEF

21. The Trustee respectfully requests that the Court authorize him to operate the Debtors' businesses and pay certain expenses on an interim basis through and including March 31, 2017. In addition, the Trustee seeks the Court's authority to enter into the Management Agreement with the Manager to facilitate the Debtors' operations and keep the Medallions active.

22. Indeed, in accordance with the TLC guidelines, the Trustee, on behalf of the Debtors' estates, must operate the Medallions through the Taxi Vehicles on a regular basis to ensure they remain active and valid. Indeed, if the Medallions are not consistently operated they must be surrendered to the TLC, which could greatly diminish their value.

23. In light of the abrupt termination of the Former Management Agreements, the Trustee seeks to transition the Medallions operations through the Taxi Vehicles under the terms of the new Management Agreement, which are substantially similar to those of the Former Management Agreement. This will allow the Trustee to continue operations seamlessly and preserve the value of the Medallions.

24. Indeed, the Manager is a well-established entity that has been operational since 1994 and under its current ownership since 2001. The Manager is currently operating approximately 300 Medallions from its location is Brooklyn. It is prepared to take possession of the Debtors' Taxi Vehicles and Medallions and begin operations once the Taxi Vehicles are inspected and deemed Operational Medallions meaning that the Taxi Vehicle is not suspended by the TLC.

25. The Trustee submits that it is in the best interests of the Debtors' estates for the Trustee to enter into the proposed Management Agreement to continue operations of the Debtors' Medallions. The Trustee also respectfully requests that he be authorized to pay certain reasonable and necessary expenses in connection therewith.

26. Pursuant to Bankruptcy Code § 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27. A line of well-established cases support the relief requested herein. *See*, *e.g.*, *Miltenberger v. Logansport Ry.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)*, 713 F.2d 534 (9th Cir. 1983); *Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987), *appeal dismissed*, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

28. For these reasons, the Trustee respectfully submits that the Court authorize him to operate the Debtors' businesses and enter into the Management Agreement with the Manager and pay certain necessary expenses on an interim basis through and including March 31, 2017 (without prejudice to seek further extensions of such authority).

## NOTICE AND NO PRIOR REQUEST

29. The Trustee submits it is imperative that this Motion, which authorizes the Trustee to enter into the proposed Management Agreement, be approved on an expedited basis as set forth in greater detail in the Affirmation of Gary F. Herbst pursuant to Bankruptcy Rule 9077-1.

30. Further, the requirement that the Trustee provide more than 400 creditors in these cases with notice of this Motion would be unduly burdensome and costly to the Debtors' estates. Thus, there is sufficient justification to shorten and limit notice here.

31. The Trustee proposes to serve the Order Schedule a Hearing, this Motion and its Exhibits, by electronic or overnight mail upon: (i) the Debtors, through their counsel; (ii) the Management Company, through its counsel; (iii) the Former Managers, through their counsel; (iv) the Office of the United States Trustee; (v) Citibank, N.A., through its counsel; (vi) all parties that filed notices of appearance in the Debtors' cases; (vii) Committee of General Unsecured Creditors, through counsel; and (viii) the Debtors' top twenty (20) creditors (as set forth in the Debtors' schedules).

32. The Trustee does not believe that any parties in interest would be prejudiced by the shortened and limited notice requested herein.

33. Other the Trustee's request for the Initial 721 Order, no previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 23, 2016
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                          Counsel to Gregory R. Messer, as Chapter 7 Trustee

By:   *s/ Gary F. Herbst*
       Gary F. Herbst, Esq.
       Jacqulyn S. Loftin, Esq.
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       Telephone: 516.826.6500

*M:\Documents\Company\Cases\Hypnotic Taxi LLC\NYC Taxi Group Operations\721 Motion re New Management Agreement.docx*