UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                      Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                                 Case No.: 15-43300 (CEC)
                                                                                 (Jointly Administered)

                                    Debtors.
-------------------------------------------------------------x

**ORDER: (I) APPROVING STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND CITIBANK N.A.; (II) AUTHORIZING THE PUBLIC AUCTION SALES OF THE DEBTORS' MEDALLIONS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS TO THE SUCCESSFUL BIDDERS AT THE PUBLIC AUCTION SALES; (III) APPROVING THE SALE TERMS FOR THE PUBLIC AUCTION SALES OF THE DEBTORS' MEDALLIONS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Procedures Motion")[1] of Gregory Messer, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi LLC, Pudding Taxi Inc., Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order: (i) approving the Stipulation between the Trustee and Citibank N.A. ("Citibank") (the "Stipulation"); (ii) authorizing the public auction sales (the "Sale(s)") of the Debtors' Medallions free and clear of all liens, claims and encumbrances, security interests and other interests (collectively, the "Liens"), to the successful bidder(s) at the Sale(s); (iii) approving the terms and conditions of sale (the "Sale Terms") and noticing for the Sale(s) (the

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Sale Procedures Motion, the Stipulation and Sale Terms.

"Notice of Sale"); and (iv) approving and granting such other, further and different relief as this Court deems just and proper (the "Sale Procedures Motion") [Dkt. No. 629]; and upon the Order scheduling a hearing on shortened and limited notice of the Sale Procedures Motion (the "Scheduling Order") [Dkt. No. 630]; and upon the Affidavit of Service evidencing proof of service of the Sale Procedures Motion and the Scheduling Order [Dkt. Nos. 631 & 632]; and upon the Limited Objection of Evgeny Freidman to the Sale Procedures Motion (the "Objection") having been timely filed with the Court [Dkt. No. 634]; and upon the Trustee's Reply to the Objection having been timely filed with the Court [Dkt. No. 635]; and upon Citibank's Response to the Objection having been timely filed with the Court [Dkt. No. 636]; and the matter having come on to be heard before the Court on July 25, 2017 (the "Hearing"), the transcript of which is incorporated by reference herein; and no additional notice or hearing being required; and, based upon the Sale Procedures Motion and the representations made to the Court at the Hearing, it now appearing that the relief requested in the Sale Procedures Motion is in the best interests of the Debtors' estates; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**:[2]

    A.    This Court has jurisdiction over the Sale Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    Consideration of the Sale Procedures Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

    C.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Procedures Motion, including this Court's approval of: (i) the

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

Stipulation; (ii) the Sale(s) of the Debtors' Medallions on the terms set forth in the Sale Procedures Motion; (iii) the Sale Terms for the Sale(s) of the Debtors' Medallions; (iv) the Notice of Sale for the Sale(s) of the Debtors' Medallions Assets; and (v) the Sale(s) of the Debtors' Medallions free and clear of all liens, claims and encumbrances, security interests and other interests to the successful bidder(s) at the Sale(s), with the same to attach to the proceeds thereof pursuant to 11 U.S.C. § 363.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Procedures Motion is approved and the Trustee is authorized to proceed with the Sale(s) of the Medallions, provided, however, the Sale(s) of the Medallions shall remain subject to the entry of the Sale Confirmation Order, which shall be ~~requires~~ ***required (CEC)*** as a condition to approval of any such Sale(s).

2. The Objection by Evgeny Freidman is overruled.

3. The Stipulation annexed to this Order, as **Exhibit A,** is approved.

4. The Sale Terms annexed to this Order, as **Exhibit B,** are approved and shall govern the Sale(s) of the Medallions. The Sale Terms are incorporated herein by reference and shall constitute the Order of this Court even if not included specifically in this Order.

5. The Medallions will be sold: (a) "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such personal property; and (b) free and clear of any and all Liens of whatever kind or nature, with any such Liens to attach to the net proceeds of sale in the same amount and priority as they existed as of the date the Debtors filed their petitions for relief with this Court.

6. The Notice of Sale, substantially in the form annexed to this Order, as **Exhibit C**, is, approved.

7. The Trustee shall cause a copy of the Notice of Sale to be served on not less than twenty-one (21) days prior to the first scheduled Sale on September 18, 2017 upon the following parties:

   a. the Debtors, through their counsel;

   b. Citibank, through its counsel;

   c. the Former Managers, through their counsel;

   d. the United States Trustee;

   e. General Counsel for the Taxi and Limousine Commission;

   f. entities who have requested notice under Bankruptcy Rule 2002;

   g. entities who filed proofs of claim with the Court in the Debtors' cases;

   h. all affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service; and

   i. all entities known or reasonably believed to have expressed an interest in the Medallions.

Such notice shall constitute good and sufficient notice of the Sale(s), and no other or further notice of the Sale(s) shall be necessary or required.

8. In accordance with Local Rule 6004-1(f), within 21 days of the Sale(s), Maltz Auctions shall file a report with the Court and transmit a copy of the report to the United States Trustee.

9. To the extent subsequent Sales are scheduled by the Trustee, not less than twenty-one (21) days' notice of such Sales shall be provided in the same manner provided herein. Such notice shall constitute good and sufficient notice of such Sales, and no other or further notice of such Sales shall be necessary or required.

10. A hearing to confirm the results of the Medallion Sale and for the entry of an Order confirming the sale of the Medallions to the highest or best bidder(s) from the Medallion Sale is scheduled for <u>Monday, September 25, 2017 at 10:00 a.m. EST</u> at the Bankruptcy Court located at 271 Cadman Plaza East, Brooklyn, New York 11201.

11. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order, including expending such reasonable funds as may be necessary to effectuate service of the Notice of Sale.

12. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order. The amount of the Citibank claims against the Debtors and/or Mr. Freidman shall be determined at a later date. Nothing herein is intended to, nor shall it, affect any right of Mr. Freidman to, inter alia, seek a credit to the extent of any carve-out or for Citibank to oppose such relief.



**Dated: Brooklyn, New York**
**August 3, 2017**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**