UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                                    Case No.: 15-43300 (CEC)
                                                                (Jointly Administered)

                      Debtors.
-------------------------------------------------------------x

## ORDER APPROVING THE STALKING HORSE BID AGREEMENT, THE BREAKUP FEE, AND OVERBID PROTECTIONS FOR THE SALE OF THE DEBTORS' MEDALLIONS AND GRANTING RELATED RELIEF

Upon the motion (the "Stalking Horse Bid Motion")[1] of Gregory Messer, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi LLC, Pudding Taxi Inc., Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking (a) entry of an Order scheduling a hearing on shortened notice, and (b) entry of an Order: i) approving the stalking horse bid agreement (a copy of which is annexed hereto as **Exhibit "A"**, the "Agreement") entered into by the Trustee and MGPE, Inc. (the "Stalking Horse Bidder") for the sale of 46 Medallions (defined below) for the aggregate purchase price of $7,705,000 (*plus* the Buyer's Premium and the TLC Transfer Tax), or such lower number of Medallions on the terms agreed pursuant to the Agreement at a purchase price of $167,500 per Medallion (*plus* the applicable Buyer's Premium and the applicable TLC Transfer Tax) (collectively, the "Stalking

---

[1]  Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Stalking Horse Bid Motion or the Agreement.

Horse Bid"); ii) a breakup fee of 2% for each Medallion for which Stalking Horse Bidder is not the successful bidder, up to a maximum fee of $154,100 for all 46 Medallions (the "Breakup Fee"); iii) an overbid protection amount of 4% over the Stalking Horse Bid of $7,705,000 for the Debtors' 46 Medallions in the amount of $308,200, or 4% for each Medallion in the amount of $6,700 (the "Overbid Amount"); and iv) for related relief; and upon the Order scheduling a hearing on shortened and limited notice of the Stalking Horse Bid Motion (the "Scheduling Order") [Dkt. No. 645]; and upon the Affidavit of Service evidencing proof of service of the Stalking Horse Bid Motion and the Scheduling Order [Dkt. No. 648]; and the matter having come on to be heard before the Court on September 11, 2017 (the "Hearing"), the transcript of which is incorporated by reference herein; and the Court having found that the Trustee's notice of the Stalking Horse Bid Motion and opportunity for a hearing on the Stalking Horse Bid Motion were appropriate and no other notice or hearing need be provided; and, based upon the Stalking Horse Bid Motion and the representations made to the Court at the Hearing, it now appearing that the relief requested in the Stalking Horse Bid Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**:[2]

  A. This Court has jurisdiction over the Stalking Horse Bid Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

  B. Consideration of the Stalking Horse Bid Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

  C. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

D.	The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Stalking Horse Bid Motion, including this Court's approval of: (i) the Stalking Horse Bid by Stalking Horse Bidder; (ii) the Breakup Fee of 2% for each Medallion in which Stalking Horse Bidder is not the successful purchaser; and (iii) the Overbid Amount of 4% over the Stalking Horse Bid.

E.	Stalking Horse Bidder is a good faith purchaser of the Medallions and is entitled to the protections provided to a good faith purchaser under Bankruptcy Code § 363(m).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.	The Stalking Horse Bid Motion is approved and the Agreement, a copy of which is attached hereto as **Exhibit A**, is approved.

2.	The Stalking Horse Bid of $167,500.00 per medallion and up to $7,705,000.00 for the Debtors' 46 Medallions (plus the applicable Buyer's Premium and the applicable TLC Transfer Tax) is approved.

3.	The Breakup Fee of 2% per Medallion ($3,350.00) for which Stalking Horse Bidder is not the Successful Purchaser up to a maximum Breakup Fee of $154,100.00 for all the Debtors' 46 Medallions is approved.

4.	The Overbid Amount of 4% per Medallion ($6,700.00), or an aggregate Overbid Amount of $308,200.00 for all the Debtors' 46 Medallions, is approved.

5.	The Trustee shall be authorized to deposit and hold the Deposit in a subaccount in the Hypnotic Taxi LLC estate [Case No. 15-43300] subject to the terms of the Agreement.

6.	The sale of the Medallions to Stalking Horse Bidder pursuant to the terms of the Agreement is free and clear of any and all liens, claims, encumbrances, interests, judgments, or adverse claims to title, of whatever kind of nature, including but not limited to, any and all claims

or liens asserted by New York State, New York City, the Metropolitan Transportation Authority and the Taxi and Limousine Commission (collectively, "Liens"), which Liens shall attach the proceeds of sale in the same order and priority.

7. The Agreement shall control with respect to the matters specifically set forth therein, but otherwise the Terms and Conditions of Sale shall control.

8. ***At the hearing on the motion to approve the sale, the Trustee may request a finding that the (CEC)*** Stalking Horse Bidder is a good faith purchaser of ***the (CEC)*** Medallions and is ~~hereby granted and is~~ *(CEC)* entitled to the protections provided to a good faith purchaser under Bankruptcy Code § 363(m). ~~Pursuant to Bankruptcy Code § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified, vacated, or amended by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, vacatur, or amendment shall not affect the validity and enforceability of any sale, transfer or assignment or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification, vacatur, or amendment, any such sale, transfer, assignment, obligation, or right shall be governed in all respects by the original provisions of this Order.~~ *(CEC)*

9. The Trustee is authorized to enter into, perform, execute, deliver, and take all actions necessary to fully implement the Agreement in accordance with the terms and conditions set forth or provided for therein, and is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

10. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.



**Dated: Brooklyn, New York
September 12, 2017**

_____
**Carla E. Craig
United States Bankruptcy Judge**