| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3505 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Gary F. Herbst, Esq.<br>Jacqulyn S. Loftin, Esq. | **Hearing Date: December 7, 2017 at 2:30 p.m.**<br>**Objections Due: November 30, 2017** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                    Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                                        Case No.: 15-43300 (CEC)
                                                                                         (Jointly Administered)

                                    Debtors.
-------------------------------------------------------------x

## NOTICE OF THE CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF THE DEBTORS' TAXI VEHICLES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS AT THE AUCTION SALE(S) <u>AND GRANTING RELATED RELIEF</u>

**PLEASE TAKE NOTICE,** that on **December 7, 2017 at 2:30 p.m.**, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court, Eastern District of New York, located at Conrad Duberstein U.S. Court House, 271-C Cadman Plaza East, Brooklyn, New York 11201, a hearing will be held before the Honorable Carla E. Craig, United States Chief Bankruptcy Judge, on the motion (the "<u>Motion</u>") of Gregory M. Messer, the Chapter 7 Trustee (the "<u>Trustee</u>") of the jointly-administered estates Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi Inc., Pudding Taxi LLC, Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc., by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order authorizing and approving the Trustee to proceed with public auction sale(s) of the Debtors' taxi vehicles free and clear of all liens, claims and encumbrances, security interests and other interests to the successful

bidder(s) at the Sale(s) and approving and granting such other, further and different relief as this Court deems just and proper

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Carla E. Craig, United States Chief Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Jacqulyn S. Loftin, Esq., **no later than November 30, 2017** as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: November 8, 2017
      Wantagh, New York         **LaMONICA HERBST & MANISCALCO, LLP**
                                     Counsel to the Chapter 7 Trustee

                              By:    *s/ Jacqulyn S. Loftin*
                                        Gary F. Herbst, Esq.
                                          Jacqulyn S. Loftin, Esq.
                                          3305 Jerusalem Avenue, Suite 201
                                          Wantagh, New York 11793
                                          Telephone: 516.826.6500

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

HYPNOTIC TAXI LLC, *et al.*,                               Case No.: 15-43300 (CEC)
                                                                               (Jointly Administered)

                                    Debtors.
-------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF THE DEBTORS' TAXI VEHICLES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS AT THE AUCTION SALE(S)
<u>AND GRANTING RELATED RELIEF</u>**

**TO THE HONORABLE CARLA E. CRAIG
CHIEF JUDGE UNITED STATES BANKUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

Gregory Messer, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Hypnotic Taxi LLC, Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi Inc., Pudding Taxi LLC, Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking an Order authorizing and approving the Trustee to proceed with public auction sale(s) (the "Sale(s)") of the Debtors' taxi vehicles (the "Taxi Vehicles") free and clear of all liens, claims and encumbrances, security interests and other interests (collectively, the "Liens"), to the successful

bidder(s) at the Sale(s) and approving and granting such other, further and different relief as this Court deems just and proper, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee seeks authorization to proceed with Sale(s) of the Debtors' Taxi Vehicles in accordance with Local Bankruptcy Rule 6004-1 and General Order M-383 dated November 18, 2009 adopting the Amended Guidelines for the Conduct of Asset Sales (the "M-383 Order").

2. As the Court is aware, the Trustee is no longer operating the Debtors' Medallions (as defined below) and sold them on September 18, 2017 at public auction. The Trustee seeks to proceed with the Sale(s) of the Debtors' the Taxi Vehicles. To the Trustee's knowledge there are no Liens on the Debtors' Taxi Vehicles. Therefore, the public auction is the proper mechanism for the orderly liquidation of the Taxi Vehicles. For these and the reasons set forth below, the Trustee respectfully requests that the Court approve the Motion.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105, 363, 364 and 506 (the "Bankruptcy Code"), Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Procedural History of the Debtors' Bankruptcy Cases

6.    On July 22, 2015 (the "Filing Date"), the Debtors each filed separate voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of New York (the "Court").

7.    By Order dated August 10, 2015 [Dkt No. 26], the Debtors' cases were jointly administered under Hypnotic Taxi LLC [Case No. 15-43300-CEC].

8.    On September 24, 2015, the United States Trustee filed an amended appointment of the Official Committee of Unsecured Creditors in the Debtors' cases [Docket No. 64].

9.    By Order dated September 22, 2016 [Dkt. No. 368], the Debtors' cases were converted to ones under Chapter 7 of the Bankruptcy Code (the "Conversion Date").

10.    By Notice of Appointment dated September 23, 2016 [Dkt. No. 370], Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtors' estates, has since duly qualified and is the permanent Trustee administering these estates.

11.    By Order entered on March 9, 2017, the Court approved the employment of Maltz Action Inc. d/b/a Maltz Auctions ("Maltz Auctions") as auctioneer for the Trustee to sell the Debtors' Medallions [Dkt. No. 546].

12.    Pursuant to an Order entered on August 3, 2017, the Court authorized, among other things, the sale of the Debtors' Medallions [Dkt. No. 641].

13.    On September 18, 2017, Maltz Auction, on behalf of the Trustee, conducted a public auction and sold the Debtors' 46 Medallions to the successful purchaser with a bid of $8,556,000 ($186,000 per Medallion) (plus the Buyer's Premium and the TLC Transfer Tax), which represented the highest and best offer received.

14. Pursuant to an Order entered on October 17, 2017, the Court confirmed, among other things, the sale of the Debtors' Medallions to the successful purchaser [Dkt. No. 678].

15. On October 31, 2017, The Trustee filed a supplemental application seeking approval of the employment of Maltz Auctions as auctioneer for the Trustee to sell the Debtors' Taxi Medallions [Dkt. No. 693], which is currently pending with the Court.

**B.**     **The Estates' Assets**

16. Each of the Debtors owned either two or three New York City taxi medallions (the "Medallions") issued by the New York City Taxi and Limousine Commission ("TLC"). The Debtors collectively own forty-six (46) Medallions.

17. According to the Debtors' respective schedules, the Debtors collectively own thirty-nine (39) Taxi Vehicles associated with the Medallions.

18. Pursuant to an Order entered on February 3, 2017 [Dkt. No. 511], the Trustee settled the interests of the Debtors' former managers, Downtown Taxi Management, LLC, Woodside Management, Inc. and Tunnel Taxi Management, LLC, in the following four Taxi Vehicles: i) 2015 Toyota, Vehicle Identification Number JTDZN3EU3FJ016248 titled in the name of Bourbon Taxi LLC; ii) 2012 Toyota, Vehicle Identification Number 5TDZK3DC2CS217557 titled in the name of Candy Apple Taxi LLC; iii) 2014 Nissan, Vehicle Identification Number 3N8CM0JT4EK702241 titled in the name of Dorit Transit Inc.; and iv) 2015 Toyota, Vehicle Identification Number JTDZN3EU9FJ027111 titled in the name of Pointer Taxi Inc. for a settlement sum in the amount of $35,000.

19. The Taxi Vehicles, which are property of the Debtors' estates, are not part of any bank's collateral and are not subject to any Liens. Similarly, the proceeds from the Sale(s) of the Debtors' Taxi Vehicles are property of the estates and are not subject to any Liens.

20.     The Trustee now seeks the Court's authority to sell the Debtors' remaining 36 Taxi Vehicles as set forth herein.

**RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

## II.     The Sale of the Taxi Vehicles Represents a Reasonable Exercise of the Trustee's Business Judgment and Should Be Approved.

21.     Bankruptcy Code § 363 provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). The terms of such sale are generally within the sound discretion of the debtor, or if applicable the trustee. See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); In re Dial-A-Mattress Operating Corp., 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) ("The business judgment test is the standard for Section 363 sales in this Circuit." (citations omitted)); In re Hirsch, 360 B.R. 43, 45–46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a good business reason to grant such an application'" (quoting In re Lionel Corp., 722 F.2d at 1071)); In re Thomson McKinnon Sec., Inc., 120 B.R. 301, 307–08 (Bankr. S.D.N.Y. 1990). As recognized by the United States Court of Appeals for the Second Circuit in Lionel Corp., a Court may approve a § 363 application after expressly determining from the evidence presented that a good business reason exists to grant such application. 722 F.2d 1063.

22.     In addition, Bankruptcy Code § 105(a) grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision is "the basis for a broad exercise of power

[by the Court] in the administration of a bankruptcy case. 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick and Henry J. Sommer. eds., 16th ed.).

23. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public sale. In practice, the preferred method is to conduct a public sale because a public sale will most often result in a greater number of potential bidders in the shortest amount of time.

24. Here, the Trustee determined, in his business judgment, that selling the Debtors' Taxi Vehicles is justified, necessary and appropriate. Indeed, compelling business justifications exist for the approval of the proposed Sale(s) of the Taxi Vehicles as set forth herein.

25. Specifically, the Trustee has not operated the Debtors' Medallions in many months, they were sold two months ago, and equally as important, the Taxi Vehicles have been in storage at Maltz Auctions since they were surrendered by Evgeny Freidman in January 2017. Keeping the Taxi Vehicles in storage long-term is potentially decreasing their value. Therefore, it is in the best interest of the Debtors' estates to sell these Taxi Vehicles as soon as possible.

26. The Trustee intends to sell all 36 Tax Vehicles at the public auction at Maltz Auctions located at 39 Windsor Place, Central Islip, New York. If all of the Debtors' Taxi Vehicles are not sold at the first public auction, the Trustee seeks the Court's authority to sell the Taxi Vehicles at a subsequent sale without further Order of the Court. Indeed, the Trustee must be prudent in the sale of the Taxi Vehicles and proceeding in this manner provides the Trustee with the flexibility to garner the highest price for each Taxi Vehicle.

27. The Sale(s) will also be advertised online and in print. It is anticipated that the public auction will be published in *The New York Times* and *Newsday.* In addition, Maltz Auctions has advised the Trustee that it will send direct mailings to targeted recipients, and engage

in telemarketing campaigns to assist with the promotion of the public auction(s). The Trustee believes that the marketing and advertising campaign proposed by Maltz Auctions is designed to ensure that the highest and best offers for the Taxi Vehicles are received.

28. Further, the Taxi Vehicles will be sold "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such personal property. After the Sale(s), the Trustee respectfully requests that he not be required to seek the entry of an Order confirming the Sale(s) of the Debtors' Taxi Vehicles.

29. In accordance with Local Rule 6004-1(f), within 21 days of the Sale(s), Maltz Auctions shall file a report of sale with the Court and transmit a copy of the report to the United States Trustee.

30. For these reasons, the Trustee seeks approval of the procedures set forth herein to facilitate the Sale(s) of the Taxi Vehicles. The proposed advertising and marketing campaign, which will be at no cost to the estates, will also ensure that the highest and best offers for the Taxi Vehicles will be received. The Trustee submits that the proposed Sale(s) is reasonable, necessary and appropriate, and will enable him to receive the maximum value for the Taxi Vehicles.

31. Accordingly, the Trustee submits that there is cause for the Court to grant the relief requested herein.

### IV. The Taxi Vehicles Should Be Sold Free and Clear of Liens.

32. Bankruptcy Code § 363 permits the sale of assets to be free and clear of liens, claims and interests of an entity in such property if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the assets is being sold exceeds the liens, claims and interests; (d) the security interest in the Taxi Vehicles is disputed; or (e) the entity with an interest in the

asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the Taxi Vehicles. See 11 U.S.C. § 363(f).

33.     The Taxi Vehicles will be sold free and clear of all Liens, although the Trustee is not aware of any Liens on any of the Taxi Vehicles. Therefore, based on the foregoing, the Trustee believes that he will be able to satisfy to requirements of Bankruptcy Code § 363(f).

**V.     The Trustee Should Be Granted Related Relief.**

34.     Pursuant to Bankruptcy Rule 6004(h), all orders authorizing the sale of property pursuant to Bankruptcy Code § 363 are automatically stayed for fourteen (14) days after entry of the order, unless otherwise ordered by the Court. FED. R. BANKR. P. 6004(h). The stay period is intended to provide sufficient time for an objecting party to appeal before the order is implemented. See Advisory Committee Notes to FED. R. BANKR. P. 6004(h).

35.     Although little guidance is provided by either Bankruptcy Rule 6004(h) or the Advisory Committee Notes as to when a court should "order otherwise", it has been suggested that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." See 10 COLLIER ON BANKRUPTCY § 6004.09 (Lawrence P. King, et al. eds, 15th ed. rev. rel. 2003). Colliers also proposes that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay pending such appeal. Id.

36.     Here, the Trustee respectfully requests that the Court waive the 14-day stay period required under Bankruptcy Rule 6004(h). This relief is appropriate under the circumstances of this case given the nature of the assets to be sold. Indeed, in the event the Motion is approved, the

Trustee intends to proceed with its marketing campaign in connection with the public auction immediately upon entry of the proposed sale procedure order.

37. Pursuant to the M-383 Order, the Trustee is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell estate assets. The Trustee submits that there are no "extraordinary provisions" with respect to the proposed public auction of the Taxi Vehicles.

## NOTICE AND NO PRIOR REQUEST

38. The Trustee shall service a Notice of the Hearing and the Motion to all necessary parties in accordance with Bankruptcy Rules 2002 and 6004.

39. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 8, 2017
      Wantagh, New York

                            **LaMONICA HERBST & MANISCALCO, LLP**
                            Counsel to Gregory M. Messer, Chapter 7 Trustee

           By:    *s/ Jacqulyn S. Loftin*
                     Gary F. Herbst, Esq.
                     Jacqulyn S. Loftin, Esq.
                     3305 Jerusalem Avenue, Suite 201
                     Wantagh, New York 11793
                     Telephone: 516.826.6500

*M:\Documents\Company\Cases\Hypnotic Taxi LLC\Sale of the Taxi Vehicles\Sale Motion of the Taxi Vehicles.docx*